Ernest **RIVERE**, Petitioner

v.

**OFFSHORE PAINTING CONTRACTORS**, Highlands Insurance Company, Raymond Fabricators, Incorporated, the Hartford Insurance Company, and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 89–4273.

United States Court of Appeals, Fifth Circuit.

May 4, 1989.

Daniel J. Nail, Triche, Sternfels & Nail, Napoleonville, La., for Ernest Rivere.

Joshua T. Gillelan, II, Solicitor of Labor, U.S. Dept. of Labor, Washington, D.C., for respondents.

Kevin R. Tully, Paul G. Preston, Christovich & Kearney, New Orleans, La., for Offshore & Highlands Ins.

Kathleen K. Charvet, Lance S. Ostendorf, McGlinchey, Stafford & Mintz, New Orleans, La., for Raymond Fab. & Hartford Ins.

Linda Meekins, Benefits Review Bd., USDL, Washington, D.C., for other interested parties.

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Ernest Rivere petitions for this court's review of an order of the Benefits Review Board (BRB) which stayed the award of accrued compensation benefits entered by an administrative law judge (ALJ). He also seeks a stay of the proceedings on the merits before the BRB. For the reasons assigned, we grant review and vacate the orders of the BRB filed November 18, 1988 and March 29, 1989 granting Offshore Painting Contractors and Highlands Insurance Company a stay in the payment of the accrued benefits due and payable to Rivere under the ALJ's compensation order filed November 10, 1988. Assuming *per arguenda* that we have jurisdiction to do so, we decline, however, to stay the proceedings on the merits before the BRB.

## Factual Background

The facts relevant to today's disposition, as reflected in filings by the various parties and discussed in the extended oral argument held on May 2, 1989, essentially are not in dispute. Rivere, a former sandblaster-painter, in early 1975 at the age of 42 suffered a totally disabling respiratory impairment. Compensation claims under the Louisiana statute initially were made by Rivere against Offshore Painting, his employer on fixed platforms on the Outer Continental Shelf for a period of three years ending December 1973, Raymond Fabricators, Incorporated, for whom he had worked for a brief period just before becoming disabled, and three interim, nonmaritime employers. Thereafter, in 1979, Rivere filed claims under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950, as extended by the Outer Continental Shelf Lands Act, 43 U.S.

C. § 1333(b), against Offshore Painting and Raymond Fabricators.

The claims were consolidated for hearing in 1984. In 1985 the ALJ awarded Rivere compensation for permanent total disability, payable by Raymond Fabricators, commencing January 1975 and continuing to date of order and thereafter. Raymond Fabricators appealed to the BRB and moved for a stay of the payment of compensation under 33 U.S.C. § 921(b)(3). On August 23, 1985 the BRB entered an ex parte order staying payment of the accrued portion of the disability benefits. In a published opinion, *Rivere v. Raymond Fabricators, Inc.,* 18 B.R.B.S. 6 (1985), the Board struck down 20 C.F.R. § 802.105, the regulation issued by the Secretary of Labor governing the BRB's issuance of orders staying the payment of compensation benefits.[1] The BRB opined that the "irreparable injury" requirement in section 21(b)(3) of the LHWCA, 33 U.S.C. § 921(b)(3), was "rather fluid and not easily circumscribed," and subject to the Board's "exercise of discretion." 18 B.R.B.S. at 9. Exercising that discretion, the Board concluded that "[u]pon consideration of the relative importance of the rights asserted and the importance of the stay, we find irreparable injury." *Id.*

Nearly a year and a half later the Board issued its decision on the merits, affirming the ALJ's finding that Rivere was permanently totally disabled, but vacating the award of benefits and remanding to the ALJ for further proceedings. After completion of those proceedings on remand, on November 10, 1988 the ALJ entered the same award he had earlier granted in favor of Rivere, but this time he ordered that Offshore Painting and Highlands Insurance were liable for payment.

Offshore and Highlands appealed to the Board and moved for a stay. They alleged no facts indicating any particular impact that payment of the accrued benefits would have on them but, rather, astutely argued to the BRB, in the Board's own prose, that upon "consideration of the relative importance of the rights asserted and the importance of the stay," the stay should be granted. On November 18, 1988, by ex parte order the BRB "found that irreparable injury will ensue to employer if it is required to pay, in full, back benefits due under this award," and stayed accrued benefits pending resolution of the appeal. The dissenting member of the Board pointedly declared:

> Petitioner requests extraordinary relief but has not established sufficient grounds to justify that relief. Petitioner has not demonstrated irreparable injury as it is required by Section 21(b)(3) of the Longshore and Harbor Workers' Compensation Act. Moreover, petitioner has not even attempted to demonstrate that it is likely to succeed on appeal.

After receiving responses in opposition to the ex parte order from Rivere and Raymond Fabricators, on March 28, 1989 the BRB issued an order adhering to the stay. The instant petition for review seeking the vacating of that stay timely followed.

### Analysis

#### 1. *Jurisdiction*

■ Appropriately, we first examine our jurisdiction. Under section 21(c) of the LHWCA, 33 U.S.C. § 921(c), "[a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred." Typically, only a decision culmi-

---

1. As promulgated by the Secretary of Labor, 20 C.F.R. § 802.105 provides:

    (a) As provided in section 14(f) of the LHWCA and sections 415 and 422 of the Black Lung Benefits Act, the payment of the amounts required by an award of compensation or benefits shall not be stayed or in any way delayed beyond ten days after it becomes due pending final decision in any proceeding before the Board unless so ordered by the Board. No stay shall be issued unless irreparable injury would otherwise ensue to the employer, coal mine operator or insurance carrier. Any order of the Board permitting any stay shall contain a specific finding, based upon evidence submitted to the Board and identified by reference thereto, that irreparable injury would result to such employer, operator or insurance carrier, and specify the nature and extent of the injury.

nating the merits of the administrative proceedings is such a final order. *Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 723 F.2d 399 (5th Cir.) (en banc), *cert. denied,* 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1984). The order before us obviously is not of that genre, but it is, nonetheless, "final" for purposes of our jurisdiction. The order is an appealable collateral order under the doctrine introduced in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To qualify as a collateral final order, the order must: (1) conclusively determine (2) an issue separate from the merits, and (3) be effectively unreviewable on appeal. *Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

■ The order before us conclusively determines that Rivere will not be paid the accrued benefits pending the appeal of the compensation award, and his right to receive the accrued sum without delay will not be reviewed if the award is vacated. That those two requirements are met is apparent. The second element of the triad test requires a closer look: Is Rivere's entitlement to payment of the accrued compensation benefits separate from the merits of the action? We conclude that Congress has indeed made Rivere's entitlement to payment of the accrued and continuing benefits separate from the ultimate decision on the merits.

When Congress adopted the LHWCA in 1927 it made a policy decision, determined when a compensation order, then issued by a deputy commissioner, would become effective, and declared that "payment of the amounts required by an award shall not be stayed" pending review of the award. In so doing, Congress made the claimant's entitlement to payment of the compensation awarded separate from the ultimate resolution of the compensation claim. Congress vested the claimant with the right to immediate payment of benefits, in accordance with the compensation award, during the pendency of review of the award and without regard to its ultimate outcome.

A quick scan of the legislative history reveals the congressional purpose. Congress was concerned about the disabled worker receiving benefits promptly after being found deserving of same. *See generally Hearings on S. 3170 Before a Subcomm. of the Senate Judiciary Comm.,* 69th Cong., 1st Sess. 53, 101; *Hearings on H.R. 9498 Before the House Judiciary Comm.,* 69th Cong., 1st Sess. 66–67, 94–95, 116. *See also Hearings on S. 3170 Before a Subcomm. of the Senate Judiciary Comm.,* 69th Cong., 1st Sess. 53 (comments by committee chairman Senator Cummings in colloquy with an industry spokesman relative to compensation benefits being stayed pending appeal: "How is the man to live in the meantime?" and "[I]t would be a pretty severe penalty upon a man who had been disabled to be deprived of his compensation pending an appeal that might run over four or five years.").

Offshore and Highlands cite *Tideland Welding v. Office of Wkrs' Comp. Prgms.,* 817 F.2d 1211 (5th Cir.1987), for the proposition that we lack jurisdiction. That case is inapposite, for we were there asked to stay and review an order of the ALJ. We lack jurisdiction to review actions of the ALJ in the first instance. Under the congressionally-established format, the BRB is the appellate authority for the ALJ. We review the actions of the BRB. Counsel also cites *Newpark Shipbuilding* in their challenge to our jurisdiction. That case also is inapposite; it did not address the *Cohen* collateral order doctrine.

### 2. *Irreparable injury*

Congress established an exception to the entitlement to immediate payment pending appeal. If the employer could demonstrate that "irreparable injury would otherwise ensue," the 1927 Act authorized the federal district court to grant a stay of payment. 44 Stat. 1436, 33 U.S.C. § 921 Hist. Note. However, the order of the court granting this extraordinary relief had to "contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage

would result to the employer, and specifying the nature of the damage." Id.

In 1972 the Benefits Review Board was established, composed of three members appointed by the Secretary of Labor. 33 U.S.C. § 921(b)(1).[2] The BRB was empowered by Congress to hear and determine appeals of compensation awards, now granted by ALJs. The mandate of the 1927 Act was continued unchanged: "payment of the amounts required by an award shall not be stayed pending final decision" of any appeal "unless ordered by the Board," but such stays may not be issued "unless irreparable injury would otherwise ensue to the employer or carrier." Id. § 921(b)(3).

■ This severely restricted authorization for the stay of compensation awards pending appeal has been maintained by the Congress despite persistent calls for change. The demonstration of irreparable injury was not intended by Congress, and has not been viewed by the courts as an exercise in semantics. That payment of compensation might pose a problem, or even cause serious difficulty is not enough to support a stay. Neither is the fact that the amount paid might be lost if the award is reversed on appeal. As we observed in *Henry v. Gentry Plumbing & Heating Co.*, 704 F.2d 863, 865 (5th Cir.1983), the limitations on the stay of compensation awards represent "a legislative decision that—except in extreme circumstances of irreparable injury to the payer—it is preferable that an injured worker receive regular compensation, even that later determined to have been wrongly exacted and not recoverable by the payer, than that he be left without assistance until all amounts are finally determined." *See also Lauzon v. Strachan Shipping Co.*, 782 F.2d 1217 (5th Cir.1985); *Tidelands Marine Serv. v. Patterson*, 719 F.2d 126, 129 (5th Cir.1983) ("quick and inexpensive" enforcement of awards, even pending review, is "a theme central to the spirit, intent, and purposes of the LHWCA.").

An early decision by a district court, in what was then the Fifth Circuit, set the tone for the irreparable-injury requirement. The standard raised in *Continental Casualty Co. v. Lawson*, 2 F.Supp. 459, 461 (S.D.Fla.1932), *rev'd on other grounds*, 64 F.2d 802 (5th Cir.1933), has stood the test of time and the resistance of employers and insurers. Irreparable injury is demonstrated only when

the compensation award may be too heavy for the employer [or insurer] to pay without practically taking all his property or rendering him incapable of carrying on his business, or ... by reason of age, sickness, or other circumstances [of the payer], a condition is created which would amount to irreparable injury.

The *Lawson* court would not accept the impossibility of recoupment of the sums paid as the bellwether for irreparable injury. Nor do we.

When Congress created the BRB it provided for judicial review of its orders and decisions by the several courts of appeals. Continuing the thrust of the 1927 Act, in the 1972 amendments establishing the BRB Congress authorized the courts of appeals to stay awards of compensation, but they may do so only under the same strictures. Stays may issue only upon a demonstration that the payer would suffer irreparable injury if payment were required pending appeal. Congress imposed on the reviewing appellate court the same requirement it had imposed on the district courts. If a stay is issued, the court must make a specific finding of irreparable injury, "based upon evidence submitted to the court ... and specifying the nature of the damage." 33 U.S.C. § 921(c).

### 3. The regulation

When Congress restructured the compensation-awarding-and-review process in 1972 it made no change in the rule: once compensation payments are ordered they are to be paid; stays are to be charily granted, and then based only upon evidence which clearly demonstrates the irreparable injury. Moreover, the finding of irrepara-

**2.** Amended Sept. 28, 1984 P.L. 98-426, § 15, 98 Stat. 1649, to provide for five members.

ble injury and the specifics thereof must be memorialized in the order of the granting authority, whether a court or the BRB. The congressional committees reporting the 1972 revisions to 33 U.S.C. § 921 stated in identical terms, without distinguishing between the courts and the BRB, that they

> d[id] not intend that the appellate process result in delay of payment of compensation. Initial awards are not to be stayed pending review proceedings except by specific order of the Board or the court based on a finding that irreparable injury would otherwise result to the [payer].

S.Rep. No. 1125, 92d Cong., 2d Sess. 15 (1972); H.R.Rep. No. 92–1441, 92d Cong., 2d Sess. 12 (1972); 1972 U.S.Code Cong. & Admin. News 4698, 4709–10.

Promptly upon adoption of the 1972 amendments, the Secretary exercised his statutory authority and promulgated rules of practice and procedure governing the operation of the BRB, 20 C.F.R. Parts 801 and 802. These Parts include section 802.-105, quoted *supra,* which the BRB viewed as inconsistent with the statute, 33 U.S.C. § 921, and which it struck down in the earlier Rivere proceeding.

We view 20 C.F.R. § 802.105 as fully consistent with the statute upon which it is based, the predecessor statute, the legislative history, and the jurisprudential development. The BRB erred as a matter of law when it held otherwise. The BRB is subject to the terms of that regulation as promulgated by the Secretary.

### 4. *The stay at bar*

■ The stay order entered by the BRB in the instant case is manifestly invalid. First and foremost, it is not consistent with the clear and express congressional mandate that "[n]o stay shall be issued unless irreparable injury would otherwise ensue to the employer or carrier." 33 U.S.C. § 921(b)(3). In support of their motion for the stay order, neither Offshore Painting nor Highlands Insurance even attempted to allege, much less prove, irreparable injury from the payment to Rivere of the accrued benefits. Oral argument disclosed why— there is no irreparable injury looming as a

consequence of the payment. Payment of the accrued benefits is no more than a modest financial transaction which Highlands has hopes of retrieving in due course, and against which Raymond Fabricators' insurer intends to levy a lien for the compensation payments it has made pursuant to the initial award of the ALJ.

Further, the stay order obviously fails to conform to the requirements of 20 C.F.R. § 802.105. The BRB made no effort to justify its stay order thereunder; Offshore and Highlands made no effort to qualify their motion for stay thereunder. All erred.

For these reasons, the petition for review is GRANTED and the orders of the BRB staying payment of the accrued benefits to Rivere are VACATED and ANNULLED.

THE MANDATE SHALL ISSUE FORTHWITH.