PER CURIAM:
 

 Edwards petitions this court for review of the Benefits Review Board’s order staying an award of compensation benefits. We grant the petition and vacate the Board’s order.
 

 I
 

 The facts pertinent to this appeal are not in dispute. The petitioner, Jerry Edwards, injured his knee while working on a dredging project for his employer, Smith-Rice Company/Dutra Construction Company. Edwards filed a claim under the Longshore and Harbor Workers’ Compensation Act (“LHWCA”) with the Office of Workers’ Compensation Programs (“OWCP”). Eventually Edwards and the insurance adjuster representing the employer’s insurance carrier entered into a stipulation regarding benefits. This stipulation was submitted to the OWCP.
 
 [1]
 

 
 *1323
 
 Approximately two months later, counsel for the employer -and carrier (collectively “Smith-Rice”) requested that the OWCP delay issuing a compensation order — the stipulation notwithstanding — on the ground that Edwards’ injury did not come within the purview of the LHWCA because the project involved an inland lake rather than navigable waters as required under 33 U.S.C. § 903(a). Smith-Rice requested an “immediate informal conference to discuss the issue of subject matter jurisdiction.” However, the OWCP Claims Examiner declined to hold such a hearing, concluding that a settlement had been agreed to by the parties. Accordingly, a compensation order approving the stipulation and ordering payments in accordance with the settlement agreement was issued.
 

 Smith-Rice filed a notice of appeal with the Benefits Review Board (“Board”). In addition, because the compensation order required payment “forthwith,” Smith-Rice filed an emergency application for a stay of the compensation order. The Board granted the opposed application for a stay (with one judge dissenting) and expedited its review of Smith-Rice’s appeal. Edwards petitioned this court for review of the stay order, requesting expedited relief from this court.
 
 [2]
 

 II
 

 As we must where any doubt may exist, we begin by examining our jurisdiction over this appeal. As a general rule, we may exercise jurisdiction only if there is (1) original subject matter jurisdiction and (2) appellate jurisdiction.
 
 United Offshore Co. v. Southern Deepwater Pipeline Co.,
 
 899 F.2d 405, 406 (5th Cir.1990). We shall examine both prongs, beginning with the latter.
 

 A
 

 We have jurisdiction to consider only final orders of the Benefits Review Board. 33 U.S.C. § 921(c);
 
 Bish v. Brady-Hamilton Stevedore Co.,
 
 880 F.2d 1135, 1137 (9th Cir.1989). Typically, a “final order” is one that “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.”
 
 Bish,
 
 880 F.2d at 1137 (quoting
 
 Catlin v. United States,
 
 324 U.S. 229, 233 (1945)). There is, however, an exception to this definition of “final order.” Under the “collateral order” doctrine, an order may be considered final, and thereby appealable, if it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) would otherwise be effectively unreviewable on appeal from a final judgment.
 
 Id.
 
 We must determine whether the Board’s stay order falls within the collateral order doctrine.
 

 In
 
 Rivere v. Offshore Painting Contractors,
 
 872 F.2d 1187 (5th Cir.1989), a case relied upon heavily by Edwards, the Fifth Circuit resolved this very issue. Rivere appealed to the Fifth Circuit a stay order entered by the Board after the OWCP had awarded benefits to Rivere. The Fifth Circuit concluded that it had appellate jurisdiction over the stay order. The first and third elements were unquestionably established: “Rivere will not be paid the accrued benefits pending the appeal of the compensation order, and his right to receive the accrued sum without delay will not be reviewed if the award is vacated.”
 
 Id.
 
 at 1190.
 

 Only the second element warranted prolonged discussion — was Rivere’s entitlement to payment of the accrued compensation benefits separate from the merits of the action? The Fifth Circuit began with
 
 *1324
 
 the relevant statutory provisions. The LHWCA provides that “[a] compensation order shall become effective when filed in the office of the deputy commissioner....” 33 U.S.C. § 921(a). Similarly, “[n]o stay shall be issued unless irreparable injury would otherwise ensue to the employer or carrier.” 33 U.S.C. § 921(b)(3). After reviewing the plain language and relevant legislative history of these provisions, the Fifth Circuit concluded that these provisions reflected Congress’s policy decision that a “disabled worker [should] receiv[e] benefits promptly after being found deserving of same.”
 
 Rivere,
 
 872 F.2d at 1190. Accordingly, the court held that a claimant’s entitlement to payment of the compensation benefit is separate from the ultimate resolution of the compensation claim.
 
 Id.
 

 We agree with the reasoning of the Fifth Circuit. The plain language of section 921, bolstered by the statute’s legislative history, unequivocally reflects a congressional desire that benefits be paid to deserving claimants as soon as possible. The stay order is appealable under the collateral order doctrine.
 

 B
 

 While Smith-Rice did not contest appellate jurisdiction, it vigorously contends that we lack authority to hear this ease because original subject matter jurisdiction is lacking. Specifically, Smith-Rice argues that because Edwards’ injury occurred on an inland lake rather than a navigable waterway, his injury falls outside the scope of admiralty jurisdiction.
 

 The question of subject matter jurisdiction is, of course, the primary issue in the appeal currently pending before the Benefits Review Board. Thus, by Smith-Rice’s logic, we are deprived of jurisdiction over matters that would otherwise be properly before us simply because a party has raised a colorable question of subject matter jurisdiction in the original forum.
 
 [3]
 
 Smith-Rice would have this court recoil, like a vampire facing a silver cross, at the mere invocation of a subject matter jurisdiction challenge. We decline to do so.
 

 In
 
 Catlin v. United States,
 
 324 U.S. 229 (1945), the Supreme Court held that the denial of a motion to dismiss, even when based on jurisdictional grounds, is not an immediately appealable order.
 
 See id.
 
 at 236;
 
 see also National Kidney Patients Ass’n v. Sullivan,
 
 902 F.2d 51, 54 (D.C.Cir.1990) (per curiam) (“The threshold issue of subject-matter jurisdiction may be determined only after a final judgment on the merits is presented to us.”). A natural corollary to this rule is that the case should proceed as normal, and that an appellate court is powerless to review the jurisdictional issue until a final judgment is entered.
 

 The “natural course of proceedings” may sometimes involve an interlocutory appeal, whether by right,
 
 see
 
 28 U.S.C. § 1292(a), by permission,
 
 see
 
 28 U.S.C. § 1292(b), or as a “collateral final order.” Under Smith-Rice's reasoning, we would be required to address subject matter jurisdiction in these interlocutory proceedings, even if the issue is not ripe for appellate review. Of course, the potential lack of subject matter jurisdiction could be one factor in our consideration of whether to accept a discretionary interlocutory appeal. Likewise, if subject matter jurisdiction were clearly lacking, we would be free to order dismissal at that time. However, we are not required to decline to hear an interlocutory appeal simply because subject matter jurisdiction might be an issue in a subsequent appeal.
 
 See U-Haul Int’l, Inc. v. Jartran, Inc.,
 
 793 F.2d 1034, 1037 (9th Cir.1986) (noting that threshold issues such as jurisdiction probably could not be raised in an interlocutory appeal, citing
 
 Catlin).
 

 It also bears mention that in certain appeals from collateral orders, subject matter jurisdiction might exist independently of subject matter jurisdiction over the case as a whole. Subject matter juris
 
 *1325
 
 diction is “the power to adjudge concerning a general question involved and is not dependent upon the state of facts which may appear in a particular case, arising or which is claimed to have arisen, under that general question. It is the power to hear and determine causes of the class in which the particular controversy belongs.... ”
 
 Ramos v. Universal Dredging Corp.,
 
 653 F.2d 1353, 1357 (9th Cir.1981). Here, in this collateral proceeding, the “general question” is the authority of the Benefits Review Board, an issue which is unquestionably within the power of this court to decide.
 

 We have jurisdiction to consider petitions for review of the stay order.
 

 Ill
 

 Our jurisdiction established, we turn to the merits of the appeal. Edwards contends that the Board’s stay was improvidently granted.
 

 As previously noted, the Board’s authority to grant a stay is set forth and circumscribed at 33 U.S.C. § 921(b), which provides that:
 

 The payment of the amounts required by an award [of compensation] shall not be stayed pending final decision in any such proceeding [appealing the award to the Board] unless ordered by the Board. No stay shall be issued unless irreparable injury would otherwise ensue to the employer or carrier.
 

 On this issue,
 
 Rivere
 
 is instructive:
 

 The demonstration of irreparable injury was not intended by Congress, and has not been viewed by the courts as an exercise in semantics. That payment of compensation might pose a problem, or even cause serious difficulty is not enough to support a stay. Neither is the fact that the amount paid might be lost if the award is reversed on appeal.
 

 872 F.2d at 1191. Rather,
 

 [i]rreparable injury is demonstrated only when the compensation award may be too heavy for the employer or insurer to pay without practically taking all his property or rendering him incapable of carrying on his business, or by reason of age, sickness, or other circumstance of the payer, a condition is created which would amount to irreparable injury.
 

 Id.
 
 (internal quotations, brackets, ellipsis, and citation omitted).
 

 Here, however, Smith-Rice contends that
 
 Rivere
 
 is distinguishable, again raising the spectre of lack of subject matter jurisdiction. “The Director,” Smith-Rice observes, “has ignored the fact that there was a question of subject matter jurisdiction in the
 
 Revere
 
 [sic] case.” Smith-Rice apparently believes that the irreparable injury requirement is overcome when the appeal before the Benefits Review Board involves subject matter jurisdiction rather than the merits of the case.
 

 We disagree. Initially, we note that Congress did not provide for any such exception to the irreparable injury requirement. However, even if Congress’s silence was not dispositive, we would not be inclined to find such an exception. As the present case illustrates, a claimant is no less injured and deserving of benefits simply because the legal argument in his or her case involves subject matter jurisdiction. Indeed, the opposite is likely to be true. Where the merits of an award are challenged, an employer, if successful, may have paid benefits to a claimant who never should have received such benefits. However, where the sole issue is the jurisdiction of the OWCP, then presumably the validity of the employee’s claim is not otherwise questioned. Indeed, the employer might yet be liable for benefits under a different statutory scheme such as a state workers’ compensation program.
 

 Indeed, the possibility for abuse of the exception proposed by Smith-Rice is great. If a colorable challenge to subject matter jurisdiction would enable the Board to grant a stay where it would otherwise be powerless to do so, employers and their insurance carriers would be tempted to raise subject matter jurisdiction claims where none had existed before.
 

 Smith-Rice argues that the stay is necessary to preserve its right to due process. It is true that the Board’s authority to
 
 *1326
 
 grant a stay helps ensure that post-deprivation review of a compensation award will be meaningful.
 
 See Abbott v. Louisiana Insurance Guaranty Ass'n,
 
 889 F.2d 626, 631 (5th Cir.1989),
 
 cert. denied,
 
 110 S.Ct. 1813 (1990). However, the Board’s statutory authority to issue stays only upon a showing of irreparable injury does not expand merely because the employer raises a due process challenge. As no irreparable injury has been shown here, the stay exceeded the Board’s authority.
 

 Finally, the Board’s order granting the stay is fatally flawed due to its lack of specificity. An order granting a stay “shall contain a specific finding, based upon evidence submitted to the Board and identified by reference thereto, that irreparable injury would result to [the] employer, operator or insurance carrier, and specify the nature and extent of the injury.” 20 C.F.R. § 802.105. Such regulation is consistent with section 921(b) of the LHWCA — the statute upon which the regulation is based — and the Board is subject to its terms.
 
 See Rivere,
 
 872 F.2d at 1192. Here, the Board’s order fulfilled none of these requirements.
 

 IV
 

 We conclude that the Board erred in staying the compensation order. The order staying the compensation award is vacated.
 

 The petition for review is GRANTED; the order of the Board staying payment of benefits to Edwards is VACATED; the MANDATE SHALL ISSUE FORTHWITH.
 

 [1]
 

 .The stipulation provided in full that:
 

 It is hereby stipulated and agreed by and between the interested parties:
 

 1. That on 5-1-89 the employee [Jerry Edwards] was in the employ of the employer [Smith-Rice Co./Dutra Construction Co.], and that the liability of the employer for payment of workers’ compensation benefits was insured by Eagle Insurance Group.
 

 2. That on said date the employee, while performing services as a Leverman, and while engaged in dredging sustained injury resulting in a left knee strain.
 

 3. That written notice of the injury was not given within 30 days but that the employer had knowledge of the injury and has not been prejudiced by lack of such written notice.
 

 4. That the employer furnished the employee with medical services in accordance with provision of Sec. 7 of the Act.
 

 5. That the average weekly earnings of the employee at the time of the injury were $875.92.
 

 6. (a) That as a result of the injury the employee was temporarily and totally disabled from 6-12-89 to 12-24-89 inclusive, entitling him to compensation for 28 weeks at $583.95 amounting to $15,350.60.
 

 (b) That as a result of the injury the employee was temporarily and partially disabled from N/A to N/A during which period his/her earning capacity was reduced to $N/A per week, amounting to $N/A.
 

 (c) That as a result of the injury the employee has sustained permanent partial disability equivalent to 28% of the left lower extremity for which he is entitled to compensation for 80.64 weeks (28% of 288 weeks) at
 
 *1323
 
 $583.95 per week, amounting to $48,000 rounded.
 

 7. That the sum of the compensation under Sec. 6(a) and (b) is $16,350.60, of which the employer and carrier have paid $16,-350.60.
 

 (a) Both parties have agreed the employer/carrier will pay attorney fees in the amount of $2,000 to Derek Jacobson, Esquire.
 

 Upon the foregoing facts the parties hereto waive a formal hearing and consent to the issuance a formal order [sic].
 

 Dated: 12-17-90
 

 [2]
 

 . At oral argument before this court, counsel for all parties confirmed that Smith-Rice’s appeal on the merits was still pending before the Benefits Review Board.
 

 [3]
 

 . For purposes of this appeal, we will assume that Smith-Rice's subject matter jurisdiction argument has a reasonable probability of prevailing. We emphasize, however, that we are in no way passing on the issue.