**MEEHAN SEAWAY SERVICE COMPANY, Employer; and, Randles & Holbrook, Carrier, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS OF the UNITED STATES DEPARTMENT OF LABOR; Robert Hizinski, Respondents.**

No. 92–3907.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided Sept. 9, 1993.

Gregory P. Sujack, Chicago, IL, argued, for petitioners.

Joshua T. Gillelan, II, Washington, DC, argued, for Director, Office of Workers' Compensation Programs.

James Courtney, III, Duluth, MN, argued, for Robert Hizinski.

Before WOLLMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

LOKEN, Circuit Judge.

In this case, we join other circuits in holding that an award of workers' compensation benefits to an injured longshoreman may only be stayed pending appellate review upon a showing that payment would cause extreme financial hardship to the employer or its insurer. Accordingly, we affirm the decision of the Department of Labor's Benefits Review Board denying a stay to petitioners Meehan Seaway Service Company, the employer of injured claimant Robert Hizinski, and Randles & Holbrook, the agent for Meehan's insurer.

The Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950, is a comprehensive workers' compensation scheme intended to provide disabled workers prompt and certain recovery of lesser damages than they might recover in common law tort actions. *See Potomac Elec. Power Co. v. Director, Office of Workers' Comp. Programs,* 449 U.S. 268, 281–82, 101 S.Ct. 509, 516, 66 L.Ed.2d 446 (1980). The Act provides for an evidentiary hearing before an administrative law judge, who then makes findings and conclusions and issues a compensation order. 33 U.S.C. § 919(c), (d). ALJ compensation orders may be appealed to the Board, whose decisions are in turn reviewed by the courts of appeals. § 921(b)(3), (c).

Because the appeal process can be lengthy, an important issue is whether a disabled worker is entitled to receive benefits while the employer's appeal is pending. When the Act was originally passed in 1927, Congress rejected the industry's position that benefits should automatically be stayed pending appeal. Instead, Congress adopted a standard that survives in the current Act—benefits shall not be stayed by either the Board or the court of appeals "unless irreparable injury would otherwise ensue to the employer or carrier." § 921(b)(3), (c).

Courts have consistently construed this irreparable injury standard as requiring a showing of extreme financial hardship before a benefits award may be stayed pending appeal:

Irreparable injury is demonstrated only when "the compensation award may be too

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

heavy for the employer [or insurer] to pay without practically taking all his property or rendering him incapable of carrying on his business, or ... by reason of age, sickness, or other circumstances [of the payer], a condition is created which would amount to irreparable injury."

*Rivere v. Offshore Painting Contractors,* 872 F.2d 1187, 1191 (5th Cir.1989), quoting *Continental Cas. Co. v. Lawson,* 2 F.Supp. 459, 461 (S.D.Fla.1932), *rev'd on other grounds,* 64 F.2d 802 (5th Cir.1933). Reflecting this rigorous standard, the Secretary of Labor's regulations provide at 20 C.F.R. § 802.-105(a):

> Any order of the Board permitting any stay shall contain a specific finding, based upon evidence submitted to the Board and identified by reference thereto, that irreparable injury would result to such employer, operator or insurance carrier, and specify the nature and extent of the injury.

Congress has refused to soften or repeal this irreparable injury standard despite repeated complaints from the industry. *See, e.g.,* Hearings on S. 2485 Before the Subcomm. on Labor of the Senate Comm. on Labor & Public Welfare, 90th Cong., 1st Sess. 87, 113–14 (1968); H.R.Rep. No. 1441, 92d Cong., 2d Sess. 12 (1972), *reprinted in* 1972 U.S.C.C.A.N. 4698, 4709–10. Employers scored a temporary victory in the 1980's when the Board declared the Secretary's regulation invalid and began granting stays at its discretion. *See Rivere v. Raymond Fabricators, Inc.,* 18 Ben.Rev.Bd.Serv. (MB) 6, 9 (1985). However, the Fifth Circuit in *Rivere,* and the Ninth Circuit in *Edwards v. Director, Office of Workers' Comp. Programs,* 932 F.2d 1325 (9th Cir.1991), reversed stays granted without the traditional showing of irreparable injury. As evidenced by its order in this case, the Board's rebellion has ended, and it is again applying the traditional standard.

In this case, petitioners ask us to carve a new exception to the sixty-year-old standard. The ALJ awarded Hizinski permanent total disability benefits, and petitioners appealed to the Board. With their appeal pending, petitioners moved the Board for a stay on the ground that the ALJ awarded benefits on a theory not raised by Hizinski, that the award therefore violated petitioners' due process rights to fair notice of the claim and an opportunity to defend against it, and that the resulting payment obligation is a "continuing violation of constitutional rights." This constitutional violation, petitioners argue, is irreparable injury warranting a stay. The Board summarily denied the motion because petitioners "fail[ed] to establish irreparable injury as required by" § 921(b)(3). Petitioners appeal,[1] arguing that the ALJ's alleged due process violation should satisfy the statute's irreparable injury standard. This contention raises a question of statutory construction and a question of constitutional law.

■ 1. As to the question of statutory construction, we adhere to sixty years of consistent judicial decisions—the Act requires a showing of extreme financial hardship to justify a stay of benefits pending appeal. Congress has refused to change the statutory irreparable injury standard despite repeated requests that it do so. The Secretary's regulation reflects this judicial construction of that standard. If we only had the statute and the regulation before us, we would doubtless defer to the agency's interpretation of the irreparable injury standard. When the question is viewed in the light of the statute's sixty-five year history, the Secretary's interpretation is virtually compelled.

■ 2. Turning to the constitutional question, petitioners do not challenge prior decisions holding that the employer may be required to pay benefits pending appeal in most cases because the hearing before the ALJ was an adequate predeprivation opportunity to be heard. *See Bunol v. Director, Office of Workers' Comp. Programs,* 996 F.2d 67 (5th Cir.1993); *Schmit v. ITT Fed. Elec. Int'l,* 986 F.2d 1103, 1108 (7th Cir.1993). Rather, petitioners argue that, because the appeal process is protracted and benefits once paid can seldom be recouped, a more liberal stay standard is constitutionally man-

---

1. The Director concedes that the Board's denial of petitioners' motion for stay is an appealable collateral order under the doctrine of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), as the courts held in *Rivere,* 872 F.2d at 1189–90, and in *Edwards,* 932 F.2d at 1327–28.

dated when the ALJ is accused of having violated the employer's procedural due process rights.

Procedural due process questions require careful consideration of the competing private and governmental interests, the risk of erroneous deprivations, and the value of additional procedural safeguards. *See Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976). Because the Act's hearing and appellate review procedures afford petitioners ample opportunity to be heard, at meaningful times and in a meaningful manner, we agree with the Fifth Circuit that "[the employer's] interest in obtaining additional pre-enforcement review of the underlying Compensation Order [before paying benefits pending appeal] is insufficient to outweigh the government's interest in maintaining a quick and inexpensive mechanism for placing compensation in the hands of injured workers." *Abbott v. Louisiana Ins. Guar. Ass'n,* 889 F.2d 626, 632 (5th Cir.1989), *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1813, 108 L.Ed.2d 944 (1990). Therefore, the traditional irreparable injury standard is constitutional even when the ALJ's award is challenged on due process grounds.

For the foregoing reasons, the Benefits Review Board's denial of petitioners' motion for stay was in accordance with law and is affirmed.