36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
and
State of California, Plaintiff,
Sierra Club; Emily Durbin; Bruce Henderson, Intervenors,
v.
CITY OF SAN DIEGO, Defendant-Appellee.
UNITED STATES of America, Plaintiff,
Sierra Club; Emily Durbin; Bruce Henderson, Intervenors,
and
STATE of California, Plaintiff-Appellant,
v.
CITY OF SAN DIEGO, Defendant-Appellee.
UNITED STATES of America,
State of California, Plaintiffs-Appellants,
v.
CITY OF SAN DIEGO, Defendant-Appellee,
v.
SIERRA CLUB; Emily Durbin; Bruce Henderson, Intervenors.
UNITED STATES of America, Plaintiff,
and
State of California, Plaintiff-Appellant,
v.
CITY OF SAN DIEGO, Defendant,
v.
SIERRA CLUB, Plaintiff-intervenor-Appellee.
UNITED STATES of America, State of California, Plaintiffs,
v.
CITY OF SAN DIEGO, Defendant-Appellant,
v.
SIERRA CLUB, Intervenor-plaintiff-Appellee.
UNITED STATES of America, State of California, Plaintiffs-Appellees,
v.
CITY OF SAN DIEGO, Defendant-Appellee,
v.
SIERRA CLUB, Plaintiff-intervenor-Appellant.
 Nos. 92-56494, 92-56499, 93-55100, 93-55117, 93-55121 and 93-55120.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Submission Deferred Dec. 28, 1993.
Resubmitted May 19, 1994.
Decided May 23, 1994.
 
 1
 Before: REINHARDT, T.G. NELSON, Circuit Judges, and FRANK A. KAUFMAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I. Consent Decree
 
 3
 "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir.1987). Although this is an appeal from the district court's September 17, 1992, order modifying an earlier injunction, thereby giving us jurisdiction under 28 U.S.C. Sec. 1292(a)(1), the district court's decision rejecting the proposed consent decree entered on March 31, 1994, renders the appeals on this issue moot. The comprehensive change in circumstances which have occurred since this appeal was filed make it inequitable for us to entertain the merits of the district court's September 17, 1992, order modifying its earlier injunction. See Alder Creek Water, 823 F.2d at 345. Not only has the district court since held an evidentiary hearing as to the merits of the consent decree, but the State of California has changed its position and aligned itself with the City of San Diego. Accordingly, we dismiss the appeals (Nos. 92-56494, 92-56499) from the September 17, 1992, order because the issues are moot. Nothing herein precludes the parties from appealing the district court's final order in this case.
 
 II. Attorneys' Fee Award
 
 4
 The district court awarded Sierra Club fifteen percent of its attorneys' fees and costs accrued prior to the motion because it held that Sierra Club was a "prevailing party" on the water reclamation and water conservation issues. The United States, California, and City of San Diego were held jointly and severally liable for ten percent of those fees as they pertained to the water reclamation issue. The City of San Diego was held liable for five percent of the fees because the district court concluded that Sierra Club prevailed against the City on the water conservation issue.
 
 
 5
 We previously rejected the parties' attempt to certify the attorneys' fee issue under 28 U.S.C. Sec. 1292(b). Thus, we must determine whether we have jurisdiction to consider the issue under 28 U.S.C. Sec. 1291. We conclude that the district court's attorneys' fee award is an award that is not appealable under Sec. 1291. Accordingly, we dismiss this appeal without prejudice.
 
 
 6
 An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Edwards v. Director, OWCP, U.S. Dep't of Labor, 932 F.2d 1325, 1327 (9th Cir.1991) (internal quotations omitted). Finding no just reason for delay, the district court issued a final judgment on the attorneys' fee issue pursuant to Fed.R.Civ.P. 54(b). A final judgment "disposes of the entire litigation or disposes of a complete claim for relief or all the claims of a party." In Re Frontier Properties, Inc., 979 F.2d 1358, 1362 (9th Cir.1992) (internal quotations and ellipsis omitted).
 
 
 7
 We have held that interim attorney fee awards are not final, appealable orders. See Rosenfeld v. United States, 859 F.2d 717, 720 (9th Cir.1988) (district court's interim fee award under FOIA not final, appealable order); see also Hillery v. Rushen, 702 F.2d 848 (9th Cir.1983) (interim fee award under 42 U.S.C. Sec. 1988 not appealable); Morgan v. Kopecky Charter Bus Co., 760 F.2d 919, 921 (9th Cir.1985) (order denying interim attorneys' fees under 42 U.S.C. Sec. 2000e-5(k) not appealable). In Rosenfeld, we concluded that because the fee award did not dispose of the underlying litigation; did not come after a final judgment on the merits; and did not finally dispose of the attorney fee issue by permitting revision of the amount at the conclusion of the litigation, the award was not a final order appealable under Sec. 1291. Rosenfeld, 859 F.2d at 720.
 
 
 8
 Similarly, in the present case, the award neither disposed of the underlying litigation, nor came after a final judgment on the merits. Sierra Club argues that this is an appealable order because it conclusively determined the attorney fee issue on water conservation and reclamation through June 30, 1991. We disagree. Even assuming the award is final through June 30, 1991, and that the district court will not revisit the issue for that time period, the award did not dispose of the entire attorneys' fees claim. The district court specifically stated that the order was "without prejudice to subsequent petitions by Sierra Club for attorney fees and costs with respect to other aspects of this litigation and later time periods." Even Sierra Club concedes that this award is "technically" an interim award.
 
 
 9
 We also conclude that the collateral order doctrine does not justify review in this case. The collateral order doctrine is an exception to the final order rule which permits appeal from an order if it "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) would otherwise be effectively unreviewable on appeal from a final judgment." Edwards, 932 F.2d at 1327. All three requirements must be satisfied before an order is appealable under the collateral order doctrine. Rosenfeld, 859 F.2d at 720.
 
 
 10
 The collateral order doctrine does not apply in this case. The district court's award conclusively determined the attorneys' fee issue only as it pertained to water conservation and reclamation through June 30, 1991. See Rosenfeld, 859 F.2d at 720 (no conclusive determination when award determines neither total fee amount nor absolute entitlement). It was not conclusive as to attorneys' fee claims occurring after June 30, 1991.
 
 
 11
 Because the fee award does not constitute a final order for purposes of appeal, we lack jurisdiction to consider the issue. However, we dismiss these appeals (Nos. 93-55100, 93-55121, 93-55117, No. 93-55120) without prejudice. Nothing in this disposition precludes a subsequent appeal concerning the attorneys' fee award once the district court enters an order that ends litigation conclusively on a particular issue (e.g., the reclamation and water conservation issues).[1]
 
 
 12
 All appeals are DISMISSED. No costs allowed.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we dismiss these appeals, we need not reach the applicability of the common fund theory. Even assuming that the doctrine would apply in this case, that question is not properly before this court because the district court did not address it