IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 98-60623
—————————————

PETROLEUM HELICOPTERS, INC;
AMERICAN HOME ASSURANCE CO.,

Petitioners,

versus

MARY SUE HUTCHISON, Widow of
Ray Hutchison; DIRECTOR, OFFICE OF
WORKER'S COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR,

Respondents.

Petition for Review of an Order of the
Benefits Review Board
(97-1576)

August 31, 1999

Before REAVLEY, HIGGINBOTHAM and DENNIS, Circuit Judges.

PER CURIAM:[*]

The employer ("Petroleum") and its insurance carrier ("American Home") filed a petition
in this court to review an order of the Benefits Review Board (the "Board") regarding the claim
for benefits under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33
U.S.C. §§ 901 *et seq.*, brought by claimant Mary Sue Hutchison. The Board's order vacated the
decision and order of the administrative law judge ("ALJ"), which denied Hutchison's claim for
benefits on the grounds that she forfeited her rights to benefits under section 33(g) of the
LHWCA because she did not obtain prior written approval of a third-party settlement. The Board

  [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

remanded the case to the ALJ for further proceedings to consider (1) the effect of the employer/carrier's participation in the third-party litigation on the application of the section 33(g) forfeiture provision, and (2) whether Hutchison's claim for benefits was timely. Prior to briefing, Respondent, Director, Office of Workers' Compensation Programs, filed a motion to dismiss the appeal as being from a non-final administrative determination. Petitioners counter that the Board's decision is an appealable collateral order or, alternatively, that we may review the Board's decision and order by mandamus. We dismiss the petition for review for want of jurisdiction and deny Petitioners' alternative request for mandamus relief.

Under section 21(c) of the LHWCA, our jurisdiction is limited to review of a "final order" of the Benefits Review Board. *See* 33 U.S.C. § 921(c). As defined by the Supreme Court, an order is "final" only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S. Ct. 2454, 2457, 57 L. Ed. 2d 351 (1978) (internal quotation marks omitted); *see also Rivere v. Offshore Painting Contractors*, 872 F.2d 1187, 1189-90 (5th Cir. 1989). The order before us is clearly not "final" inasmuch as it did not end the litigation on the merits. Nor does the Board's decision constitute an appealable collateral order, a narrow exception to the finality requirement of section 21(c). As we explained in *Rivere*, "[t]o qualify as a collateral final order, the order must: (1) conclusively determine (2) an issue separate from the merits, and (3) be effectively unreviewable on appeal." 872 F.2d at 1190.

The order now before us does not satisfy any of the three collateral order requirements. The Board's order did not conclusively determine the issue for which Petitioners seek review—whether the employer/carrier's participation in a third-party suit and settlement is an exception to the section 33(g) requirement that a settling claimant must obtain prior written approval of a third-party settlement from the employer and carrier or else forfeit all rights to additional LHWCA benefits. Rather, the Board merely determined, contrary to the ALJ, that the issue had not been foreclosed by the Supreme Court's decision in *Estate of Cowart v. Nicklos*

2

*Drilling Co.*, 505 U.S. 469, 112 S. Ct. 2589, 120 L. Ed. 2d 379 (1992), and remanded to the ALJ to consider Hutchison's argument that the Petitioners' participation in the third-party suit and settlement precluded application of section 33(g). *See Hutchison v. Petroleum Helicopters, Inc.*, BRB No. 97-1576, at 4-5 (Dep't Labor, BRB, Aug. 12 1998) (unpublished). In light of our conclusion that the Board's decision does not satisfy the first requirement of the collateral order doctrine, further discussion of the remaining requirements is unnecessary.

We also reject Petitioners' alternate request for mandamus relief. Finding no "clear abuse of discretion" or conduct tantamount to a "usurpation of [the judicial] power," *Mallard v. United States Dist. Court*, 490 U.S. 296, 309, 109 S. Ct. 1814, 1822, 104 L. Ed. 2d 318 (1989) (alteration in original) (internal quotation marks and citations omitted), mandamus relief is not justified in this case.

PETITION FOR REVIEW DISMISSED.