*Vt. Fed. Sportsmen v. Birmingham*, No. 224-4-18 Wncv (Tomasi, J., May 14, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 224-4-18 Wncv |

Vermont Federation of,
Vermont State Rifle & Pistol,
Powderhorn Outdoor Sports,
John Fogarty,
Samuel Frank,
      Plaintiffs

      v.

Matthew Birmingham,
T.J. Donovan,
Sarah George,
William Porter,
      Defendants

<u>Opinion and Order on Motion for Permission to Appeal Under Vt. R. App. P. 5.1</u>

This matter has a robust procedural history. The case concerns the constitutionality of 13 V.S.A § 4021, which limits the size of the magazines that can be used in firearms. The State moved to dismiss, and the Plaintiffs moved for summary judgment. The Court denied both motions. It concluded that it would not decide the case on so-called "legislative facts" but would require the parties to develop a factual record on which the constitutional claim could be adjudicated. At around the same time another action, arising in Bennington County—*State v. Misch*, 173-2-19 Bncr—was decided and appealed to the Vermont Supreme Court. That decision concluded that Section 4021 is constitutional.

1

The parties filed a joint motion for permission to appeal. For similar reasons as noted in the denial of the earlier motions, the Court denied that request as well. Despite the happy unity of opinion among the parties at that point, they did not seek review in the Supreme Court of the denial of the request for interlocutory appeal. Vt. R. App. P. 5(b)(7).

As an alternative to appeal, the State also sought a stay of this matter pending resolution of the *Misch* matter. The Court denied the request without elaboration. The State sought reconsideration of the denial of the stay request, and, in the alternative, sought permission to appeal the denial under Vt. R. App. P. 5.1. The Court denied reconsideration, again, indicating its belief that development of a factual record in this matter would be important to decide the issues presented. It denied the request to appeal as being untimely.

The State proceeded to seek review of the denial in the Supreme Court. The High Court concluded that the State's request for permission to appeal was not untimely. It remanded to this Court to consider the State's request to appeal this Court's denial of the request for a stay.

In light of the foregoing, it is worth noting what is not before the Court. The Court is not tasked with determining whether to grant permission to appeal the merits of the constitutional issue under Appellate Rule 5, nor is it being asked to determine whether to stay this matter. The sole question *sub judice* is whether the Court's earlier denial of the request to stay should be deemed a collateral final order under Vt. R. App. P. 5.1.

2

Under that Rule:

[T]he superior court may permit an appeal from an interlocutory order or ruling if the court finds that the order:

(A) conclusively determines a disputed question;

(B) resolves an important issue completely separate from the merits of the action; and

(C) will be effectively unreviewable on appeal from a final judgment.

Vt. R. App. P. 5.1(a)(1).

The State's argument is straightforward: the denial of the stay was definitively decided by the Court and confirmed on reconsideration, it is a matter separate from the merits, and it cannot be reviewed upon later appeal. The State further contends that the equities of the case also favor allowing it to seek a stay from the Supreme Court. It maintains that there is a strong likelihood that the *Misch* appeal will decide or, at least, clarify the constitutional issue, that forcing the parties to engage in costly and lengthy discovery could amount to a significant waste of both public and private resources, and that engaging in summary judgment and trial practice in this matter could also amount to a waste resources, including judicial resources. For their part, the Plaintiffs maintain that it is possible that the *Misch* case could resolve through a plea agreement short of a decision and that delaying resolution of this case impacts their constitutional rights.

The State is correct that the decision denying the requested stay appears to meet the standards set out in Rule 5.1. The same argument, however, could be made with regard to any decision regarding a request to stay proceedings. The

3

Court does not believe Rule 5.1 envisioned that such procedural rulings would customarily fall within the scope of collateral final order appeals. See Charles Wright, Arthur Miller & Edward Cooper, 15A *Fed. Prac. & Proc. Juris.* § 3911.4 (2d ed. 2019) ("Similarly plausible arguments could be made—usually without success—that various procedural devices [including stays] or substantive doctrines are intended to protect against the burdens of trial.") [hereinafter *Fed. Prac. & Proc.*].

In any event, even if the stay decision technically meets the components of the Rule, the Court still has discretion as to whether to allow the appeal. Rule 5.1 was specifically amended to make clear that courts "may" permit appeals of collateral final orders. Vt. R. App. P. 5.1, Reporter's Notes—1990 Amendment. In making that determination, the Court is guided by the following:

> While we set forth specific criteria without which a collateral order will not be reviewed by this Court, overriding these threshold criteria is our need to balance the possible loss of important rights "against this Court's policy of avoiding piecemeal review." 148 Vt. at 292, 532 A.2d at 562. *Lafayette* should not be read as an addendum to the Vermont Rules of Appellate Procedure, creating a virtual entitlement to review of collateral orders. *Lafayette* offers appellate redress in the small number of extraordinary cases where the normal appellate route will almost surely work injustice, irrespective of this Court's final decision. Petitions like those at bar would convert the extraordinary into the ordinary and hamper not only the work of this Court, but the orderly processes of trial courts and administrative bodies as well. *Lafayette* announced a procedure that will be available when strong need is demonstrated. But it must not be seen as a commonplace alternative to normal appellate review under our rules.

*In re Maple Tree Place Assocs.*, 151 Vt. 331, 332–33 (1989); *see Fed. Prac. & Proc.* § 3911.4 (collateral final appeal available concerning stays "on showing special

justification"); *Rivere v. Offshore Painting Contractors*, 872 F.2d 1187, 1190 (5th Cir. 1989) (allowing appeal of order staying benefit payments as collateral final order).

Under the unique circumstances of this case, the Court believes the denial of the request to stay constitutes a "special justification" that warrants appeal under Rule 5.1. The *Misch* litigation appears to be on all fours with the present case and the briefing has already begun. It is highly likely that the Court's ruling will resolve this case. Alternatively, the Court's ruling would clarify the areas where factual development may be necessary. The Court agrees that pursuing unbridled discovery while *Misch* is pending could easily result in significant—and unnecessary—consumption of private, public, and judicial time and resources.

No doubt, Plaintiffs' claims of potential constitutional injury are not insignificant. On the other hand, however, Plaintiffs agreed to a stay of discovery earlier in the litigation and jointly sought an appeal of this proceeding to the Supreme Court. Had that request been granted, the High Court ultimately may have concluded that a factual record needed to be developed and remanded the case back to this Court. That, too, would have resulted in a delay in concluding these proceedings.

In light of the foregoing, the Court grants permission to appeal its decision to deny a stay under Rule 5.1. Certainly, if Plaintiffs maintain their position, they may seek dismissal of the appeal under Rule 5.1(d). But, granting permission to appeal allows the Court having jurisdiction over *Misch* and this matter the

opportunity to consider both actions and make decisions with full knowledge of both.

Further, in order to give life to the discretionary appeal allowed in this order, the Court will also issue a temporary stay of this proceeding with the following exception: the Court will hold a discovery conference to determine whether there may be exceptional circumstances—for example, the declining health of a witness— that might warrant targeted and limited discovery to go forward while the appeal is pending.

Dated this __ day of December 2019 at Montpelier, Vermont.

_____
Timothy B. Tomasi,
Superior Court Judge