Donald TINKER–BEY, Petitioner,

v.

Hon. Kenneth J. MEYERS, United States Magistrate, Southern District of Illinois, Benton Division, Respondent.

No. 86–8026.

United States Court of Appeals, Seventh Circuit.

Submitted July 17, 1986.

Decided Sept. 11, 1986.

Donald Tinker-Bey, pro se.

Frederick J. Hess, U.S. Atty., Benton, Ill., for respondent.

Before BAUER, WOOD and POSNER, Circuit Judges.

POSNER, Circuit Judge.

A prisoner at the federal penitentiary in Marion, Illinois has asked us for a writ of mandamus to compel the magistrate who is handling his suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, to proceed with greater dispatch. The suit was filed in July 1984, and the petition for writ of mandamus on June 19, 1986. In response to our inquiry of the magistrate what the status of the suit is, we are advised that on July 14, 1986, the United States filed a motion for summary judgment, to which the petitioner has not yet responded. The petition for a writ of mandamus is DENIED.

One feature of this case deserves public attention. The suit is for $150—the alleged value of two sweatshirts, one pair of tennis shoes, and a pair of pajama bottoms, allegedly lost when the petitioner was transferred into disciplinary segregation. No minimum amount in controversy is required to maintain a suit under the Tort Claims Act; nor is this the smallest such suit filed by an inmate at Marion in recent years. In one case the inmate alleged the loss of four very old shoelaces, a partially used jar of cream, a partially used tube of hair oil, and a five-year-old cardboard file folder held together with Scotch tape. After motions for summary judgment, dismissal, and discovery had been filed, the case was settled for $10. Another inmate sued for the value of an "Afro-pick" and refused a settlement offer of $2.

Marion is the nation's maximum security prison, and cell searches and transfers are frequent. Personal possessions are sometimes lost; and none of the usual inhibitions to bringing suits for trivial or imagined losses weighs on prisoners serving long prison terms. The result is that the federal district court for the Southern District of Illinois, already inundated by post-conviction and civil-rights actions brought by inmates at Marion, is also becoming the prison's lost-and-found department. Inmates should have a remedy for the negligent loss of their personal belongings even if the belongings have no great monetary value, but the remedy should not be a full-scale federal lawsuit.

It is true that the Tort Claims Act requires exhaustion of administrative remedies, see 28 U.S.C. § 2675, but this merely delays, it does not prevent, suit upon trivial claims. We respectfully suggest that Congress may want to consider making the prisoner's administrative remedy under the Act, see 28 C.F.R. § 543.30, exclusive for small claims. Compare 31 U.S.C. § 3721(k). All other considerations to one side, we point out that some prison inmates have substantial grievances that require access to a federal court, and there is a danger that the interests of these inmates will be submerged in a flood of trivial litigation.