James L. BURTON, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

Sandra DANIELS, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

Nos. 86–2134, 86–2135.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1987.

Decided April 13, 1987.

Nancy Hamm, Fayetteville, Ark., for appellant.

Michael F. Moses, Dept. of Health & Human Services, Baltimore, Md., for appellee.

Before HEANEY, FAGG and BOWMAN, Circuit Judges.

HEANEY, Circuit Judge.

James L. Burton and Sandra Daniels appeal the district court's denial of their motions to compel reinstatement of Social Security benefits or, in the alternative, to expedite review of their Social Security claims. We dismiss this appeal because the issues before the Court are now moot.

Burton and Daniels are two of many claimants whose disability benefits were terminated in 1982 and 1983 by the Social Security Administration without a showing of medical improvement. In November of 1983, they filed independent actions in the United States District Court for the Western District of Arkansas seeking judicial review of their terminations pursuant to 42 U.S.C. § 405(g). While their cases were pending, Congress enacted the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984) (hereinafter "the Act") (codified at 42 U.S.C. § 401 et seq.). Section 2 of the Act established a "medical improvement" standard for evaluating claims of continuing entitlement to disability benefits. Additionally, the Act required that "actions relating to medical improvements" which were pending in federal courts when Congress enacted the Act "shall" be remanded to the Secretary. See section 2(d)(3). Pursuant to the Act, this Court in a class action suit ordered that claimants whose benefits were terminated without a showing of medical improvement and who were members of the class would have their cases remanded to the Secretary to review for evidence of medical improvements. Polaski v. Heckler, 739 F.2d 1320, modified, 751 F.2d 943 (8th Cir.1984). As a result of the Act and Polaski, nearly 42,000 individual cases nationwide (approximately 2,400 of which were within the Eighth Circuit) were remanded to the Secretary for review pursuant to the Act and accompanying regulations.[1]

On November 14, 1984, the district court remanded Burton's and Daniels' cases to the Secretary for further action consistent with the Act and Polaski. Approximately eighteen months later, because they had not received decisions on their cases, Burton and Daniels filed motions in district court requesting immediate reinstatement of their benefits or, in the alternative, the commencement by the Secretary, within ten days of the requested order, of further administrative proceedings. The district court, adopting the federal magistrate's recommendation in toto, denied Burton's and Daniels' motions. It found that the reinstatement of benefits issue was still before the Secretary, and thus the court would not intervene. Additionally, the court declined to order expedited review, reasoning that such an order would be an intrusion upon the Social Security administrative process.[2] The court relied on Heck-

---

1. In the states which compose the Eighth Circuit, all reviews are made by state officials, with the exception of Arkansas and Iowa, where the disability review is a joint effort by state and federal agencies. See 20 C.F.R. § 404.-1503, .1613 (1986).

2. The district court also noted that Daniels had been notified of her right to interim benefits

*ler v. Day,* 467 U.S. 104, 119, 104 S.Ct. 2249, 2257, 81 L.Ed.2d 88 (1984). In that decision, the Supreme Court held that Congress, in enacting the Social Security Act, had repeatedly rejected the "imposition of mandatory deadlines on agency adjudication of disputed disability claims."

Burton and Daniels appealed to this Court, arguing that the Administrative Procedure Act granted them a right to a decision without unreasonable delay separate and apart from the rights addressed in the *Heckler v. Day* decision. The Secretary filed an untimely motion to dismiss the appeals for lack of jurisdiction and mootness. This Court denied the Secretary's untimely motion, and heard oral arguments on these issues as well as the merits of the case.

It is a basic principle of law that there must be a live case or controversy at every stage of litigation. *Carson v. Pierce,* 719 F.2d 931, 933 (8th Cir.1983). By the time of oral arguments, both Daniels' and Burton's benefits had been reinstated.[3] Thus, there appears to be no live controversy.[4] Burton and Daniels argue, however, that the issues in this case are capable of repetition yet evading review and thus the case is not moot. They claim they will be reviewed again by the Social Security Administration sometime within the next three years and, as history has shown, there will be yet another long delay in their review which they will have to challenge in court; and they will once more be faced with the *Heckler v. Day* decision. *See* 42 U.S.C. § 421(i) (Supp.1986). The Secretary argues that while Burton and Daniels may be reviewed again pursuant to 42 U.S.C. § 421(i), they will not be subject to a long delay in review because of the Act or *Polaski.*[5] Additionally, the Secretary points to the existence of a "critical case"[6] policy,

---

while her case was being reviewed. The record reflects that Daniels did request and receive interim benefits during her review time period. Burton, the court noted, had chosen not to accept these interim benefits.

Interim benefits are benefits that continue to be sent to the claimant while a case is being reviewed. The claimant must make a specific request for interim benefits. Members of the *Polaski* class may ask for these benefits at any time during the review and benefits will then commence in the month reinstatement is requested. Interim benefits will also cease upon claimant's request at any time. *Program Operations Manual System,* DI 12542.025(A)(2) (Revised Feb. 4, 1986). If the claimant loses the appeal, the claimant must repay the benefits unless he or she requests a waiver. If the Secretary determines upon request of a waiver that "the individual's appeal of his termination of benefits was made in good faith, all the benefits paid pursuant to such individual's election" to receive interim benefits are subject to a waiver of the repayment. 42 U.S.C. § 1383(a)(7)(B)(ii). Such waiver would be based on criteria set forth in § 1383(b)(1), which provides in pertinent part:

> The Secretary (A) shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was without fault in connection with the overpayment, if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this subchapter, or be against equity or good conscience, or (because of the small amount involved) impede efficient or effective administration of this subchapter[.]

The Secretary has the complete decision-making authority in granting a waiver. Additional criteria for granting a waiver are set out in 20 C.F.R. Subpart F—404.501 *et seq.* (1986). Denial of a waiver is subject to judicial review.

3. This Court is aware of the need to look closely at cases in which efforts by one party are timed to anticipate or terminate litigation. The Secretary has assured the Court that his timing in granting benefits was not planned to moot Burton's and Daniels' claims. *See United States v. Oregon State Medical Society,* 343 U.S. 326, 333, 72 S.Ct. 690, 695, 96 L.Ed. 978 (1952).

4. *But see Dyer v. Securities and Exchange Commission,* 266 F.2d 33, 47 (8th Cir.1959) (jurisdiction exists where public interest issues involved as related to administrative regulations even where those regulations have ceased to have direct significance in the particular situation).

5. Information supplied by the Secretary to this Court shows that work on disposition of the backlog of cases referred to the Secretary in 1984 has resulted in an increase in the 1985 backlog. Thus it is possible that *Polaski* and the Act might still affect indirectly the length of the review period should the Secretary again attempt to terminate Daniels' and Burton's benefits.

6. A critical case is defined by the Social Security Administration as one where "delay in effectuation of a decision will result in deprivation of food, medicine and/or shelter; endangerment

pursuant to which a claimant can request expedited review based on a hardship created by the delay in review. Finally, counsel for the Secretary in his statements at oral arguments has given this Court the assurance that September 30, 1987, is the target date for having review completed of all Eighth Circuit cases referred pursuant to *Polaski* and the Act.

We hold for the reasons stated by the Secretary that these cases are moot and accordingly dismiss this appeal.[7]

of health or safety (e.g., potential suicide or homicide); or where there has been a public inquiry on a case in which there has been an inordinate delay in processing (e.g., 365 days at the hearing level, over 100 days at the AC [Administrative Council] level, and delayed court remands)." Advance Copy, Critical Case Procedure Memorandum, 1 (Social Security Administration, June 1, 1986) (to be incorporated into Staff Guides and Program Digest).

7. The Court would like to express its appreciation to appellants' counsel for their services regarding the oral arguments in this case.