826 F.2d 561
 Leo Victor SAVAGE, Plaintiff-Appellant,
v.
CENTRAL INTELLIGENCE AGENCY and the Director thereof,
Defendants-Appellees.
Leo Victor SAVAGE, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION and William Webster,
Director, Defendants- Appellees.
 Nos. 87-1380, 87-1395.
 United States Court of Appeals,
Seventh Circuit.
 Submitted June 24, 1987.
Decided July 29, 1987.
 
 Leo Victor Savage, pro se.
 Richard H. Lloyd, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for defendants-appellees.
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 We have consolidated two appeals growing out of requests by a federal prisoner for disclosure of records under the Freedom of Information Act, 5 U.S.C. Sec. 552. In No. 87-1395, Savage had asked the FBI to disclose certain records the precise character of which is unclear but which appear to relate to Savage's criminal activities. At the same time he asked the FBI to waive its fee for duplicating the records; section 552(a)(4)(A) (as it read when the request was made) allows an agency to waive the fee if "furnishing the information can be considered as primarily benefiting the general public." The FBI refused in a letter which stated, "We have concluded that your interest in these records is personal in nature. As the information you have requested pertains only to yourself, the release of these records would not result in a primary benefit to the general public." The letter told Savage that the records he wanted consisted of 392 pages and that the duplicating fee would be $39.20. It also told him that he could appeal the FBI's decision to the Justice Department's Office of Legal Policy, which he did, and was turned down. He then brought this suit against the FBI and its director, claiming that the refusal to waive the duplicating fee violated the due process clause of the Fifth Amendment, and asking for $500,000 in damages and for other relief. The district court dismissed the suit as frivolous, and Savage asks us to allow him to appeal in forma pauperis, a status to which he is not entitled however, despite his poverty, if the suit is indeed frivolous. See 28 U.S.C. Sec. 1915(a); Fed.R.App.P. 24(a); Jones v. Morris, 777 F.2d 1277 (7th Cir.1985).
 
 
 2
 No. 87-1380 is a virtually identical suit by Savage (including the same request for damages), except that the defendant is the CIA. The nature of the documents sought is even more obscure than in the case of the suit against the FBI. The fee that the CIA refused to waive was $106.00. Savage complains not only about the refusal to waive the fee but also about the CIA's failure to advise him of his right to an administrative appeal.
 
 
 3
 We shall limit our discussion to the suit against the FBI, but everything we say about it applies equally to the suit against the CIA. As constitutional litigation, the suit is indeed frivolous; for of what property is Savage being deprived? But as Savage was proceeding without a lawyer, he was entitled to a liberal construction of his complaint. So construed, No. 87-1395 seeks judicial review of the Justice Department's decision not to waive the duplicating fee. The Freedom of Information Act authorizes a suit in federal district court to obtain judicial review of agency decisions under the Act, see 5 U.S.C. Sec. 552(a)(4)(B), and while the only decision expressly mentioned is one not to disclose documents sought by the applicant, implicitly included we think is a decision not to waive fees (as assumed in National Treasury Employees Union v. Griffin, 811 F.2d 644 (D.C.Cir.1987), and other decisions, cited there, involving judicial review of denials of fee waivers), especially where, as in this case, the indigence of the applicant will result in the denial of his application if the duplicating fee is not waived. (See also 5 U.S.C. Sec. 552(a)(4)(A)(vii), added in 1986, which makes clear Congress's assumption that actions on requests for fee waivers are judicially reviewable.) We therefore need not decide what "nonstatutory" review (e.g., under 28 U.S.C. Sec. 1331) might be available to Savage to review violations of the Freedom of Information Act not encompassed by the Act's provision on judicial review. And Savage proceeded in the right court--he just mistook the ground of the suit.
 
 
 4
 It seems unlikely, to say the least, that he can succeed in establishing that the Department abused its discretion in failing to waive the duplicating fee. The only ground for such a waiver would be, not that Savage can't afford the fee, but that the primary benefit of turning over the documents sought would be to the general public rather than to the applicant (see generally National Treasury Employees Union v. Griffin, supra, 811 F.2d at 647-49); and the only public benefit that Savage has suggested is that, in his words, the documents "will shed additional light on Watergate." But as the record does not contain the documents, or an index of them or an affidavit describing or summarizing their contents, the character of the documents cannot be ascertained. We are therefore constrained to grant the request for leave to proceed in forma pauperis, to vacate the judgment of dismissal, and to remand for further proceedings consistent with this opinion. The same goes for the parallel suit against the CIA, No. 87-1380. We shall leave to the district court to determine, in the first instance, the bearing on this case, if any, of the 1986 amendment which changed the statutory standard to allow waiver or reduction of fees "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. Sec. 552(a)(4)(A)(iii).
 
 
 5
 We cannot forbear to express concern about the waste of judicial resources that is involved in allowing a person to obtain two levels of federal judicial review of an agency's denial of a claim for $39.20. Of course, every person--even the humblest--even a prison inmate--should have a remedy of some kind against the arbitrary denial of his legal rights. But surely there is a better way--having due regard for the rise in federal judicial caseloads, the limited capacity of the federal judiciary, and the costs imposed on litigants whose equally weighty or weightier concerns are pushed farther back in the queue--to provide such a remedy in a $39.20 case than by giving the claimant the full run of the Article III courts. Could not claims for waiver of duplicating fees under the Freedom of Information Act, which usually are tiny, be subjected (if below some dollar threshold) to informal but binding arbitration, without judicial review, given that many labor disputes--technically "minor disputes" but often involving substantial stakes--are subject to compulsory arbitration under the Railway Labor Act with virtually no judicial review, see 45 U.S.C. Sec. 153 First (q)? Or to final resolution by an informal appellate board within the agency requested to waive? Cf. 42 U.S.C. Sec. 1395ff(b)(2)(A) (Medicaid claims for less than $1,000). The two letters that Savage received in response to his request in No. 87-1395, from the FBI and the Office of Legal Policy respectively, both of which indicate individualized attention to the request rather than rote refusal, cost the government, in lawyers' time, far more than $39.20. How much more money shall the taxpayer be forced to spend to relieve the monotony of Mr. Savage's incarceration?
 
 
 6
 As we have done previously in suggesting that Congress consider the establishment of a small-claims procedure, arbitral or administrative, for claims under the Federal Tort Claims Act, see Tinker-Bey v. Meyers, 800 F.2d 710 (7th Cir.1986), so we now suggest that Congress consider the establishment of such a procedure for fee-waiver requests under the Freedom of Information Act. These requests do not have the kind of symbolic resonance that requires the Article III judiciary to be empowered to review the denial of them. It is conceivable, but very unlikely, that a prisoner or other poor person might be unable to scrape together the few dollars needed to pay the duplicating fee for documents of great social importance that the agency would arbitrarily withhold; but that is an argument for some remedy, rather than for a full-scale judicial remedy in an Article III court. No rational system of government burdens its highest courts with a class of litigation dominated by petty cases typically brought for their nuisance value by persons on whose hands time hangs heavy. Not even the cause of prisoners' rights is helped by a flood of trivial suits that distracts judicial attention from the occasional meritorious one.
 
 
 7
 VACATED AND REMANDED.
 
 
 8
 FLAUM, Circuit Judge.
 
 
 9
 I concur in the result.