**MAXON MARINE, INCORPORATED, Plaintiff–Appellant,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, et al., Defendants–Appellees.**

No. 94–1435.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 1994.

Decided Oct. 31, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 23, 1994.

---

Gregory P. Sujack (argued), David F. Buysse, Garofalo, Hanson, Schreiber & Vandlik, Chicago, IL, for plaintiff-appellant.

Michael J. Shepard, Asst. U.S. Atty., Crim. Div., Chicago, IL, Carol A. DeDeo, Janet Dunlop, Dept. of Labor, Office of Workers' Compensation Program, Thomas S. Williamson, Jr., Dept. of Labor, Michael S. Hertzig (argued), U.S. Dept. of Labor, Office of the Solicitor, Washington, DC, for Director, Office of Workers' Compensation Programs.

H. Thomas Lenz, Spector & Lenz, Chicago, IL, Steven C. Schletker (argued), Covington, KY, for Randall Hawkins.

Before POSNER, Chief Judge, and COFFEY and KANNE, Circuit Judges.

POSNER, Chief Judge.

Maxon Marine, Inc., claiming to be exempt from the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.*, a workers' compensation statute, brought suit in federal district court for declaratory relief against the Department of Labor's Office of Workers' Compensation Programs, which administers the Act. The district judge dismissed the suit for want of subject-matter jurisdiction.

The Act, with immaterial exceptions, exempts facilities that the Office of Workers' Compensation Programs certifies are used exclusively for the building, repair, or dismantling of small vessels. 33 U.S.C. § 903(d). In 1985 the Office issued a certificate of exemption to the owner of a facility that four years later Maxon bought. In 1986 an employee of Maxon's named Hawkins was injured while working at the facility and filed a claim for compensation under the Act. Claims are heard initially, and informally, by an employee of the Office called a "District Director" (formerly "Deputy Commissioner"). 33 U.S.C. § 919(a). Maxon argued to the District Director that it was exempt, but he disagreed, taking the position that the exemption had lapsed when the facility was sold. When a dispute is not resolved at the District Director's level, the matter proceeds to a hearing before an administrative law judge, whose decision can be appealed to the Benefits Review Board of the Department of Labor and from there to a federal court of appeals. 33 U.S.C. §§ 919(c), (d), 921(b)(3), (c). That is what happened but in addition Maxon filed this suit in federal district court challenging the District Director's revocation of its exemption, as Maxon characterizes that official's action. Hawkins's claim, along with three similar claims by other employees of Maxon's, are moving through the administrative process in the usual way. One has been decided by the administrative law judge, who agreed with the District Director that the exemption had lapsed upon the sale of the facility to Maxon.

■ The Act states that the statutory procedure for challenging compensation awards (including denials of an award) is exclusive. 33 U.S.C. § 921(e). But Maxon argues that it is not challenging any award; it is challenging the revocation of the exemption. It points out that if back in 1985 the application for a certificate of exemption by the prior owner of the facility had been denied, the owner could have obtained judicial review by bringing a suit such as this in federal district court. The denial of an exemption is final administrative action yet is not appealable to the administrative law judge or the Benefits Review Board, 20 C.F.R. § 702.174(b)(2), because it lies outside the scope of the statutorily prescribed procedure for challenging compensation awards, not being a compensation award (or denial). Likewise (though we cannot find an applicable regulation or case), if the certificate had been formally revoked before Hawkins or anyone else had been injured, the revocation would have been final administrative action again not subject to the statutorily prescribed procedure for challenging compensation awards, because it would not have been such an award or a denial of such an award. In both cases, that of denial of an exemption and that of revocation of an exemption, review would be available, as we are about to see, in the district court in just the kind of suit that Maxon has filed. Why should it make a difference that here the revocation was not announced until a claim had been filed?

■ When a statute specifies a procedure for obtaining judicial review of a federal agency's actions, that procedure normally is exclusive, even if the statute does not say that the procedure is exclusive (here it does). E.g., *Thunder Basin Coal Co. v. Reich*, —— U.S. ——, ——, 114 S.Ct. 771, 776, 127 L.Ed.2d 29 (1994); *Whitney National Bank v. Bank of New Orleans & Trust Co.*, 379 U.S. 411, 420, 85 S.Ct. 551, 557, 13 L.Ed.2d 386 (1965); *Hoffman Group, Inc. v. EPA*, 902 F.2d 567 (7th Cir.1990); *Gaunce v. deVincentis*, 708 F.2d 1290, 1292 (7th Cir.1983) (per curiam). But often, as in the Longshore and Harbor Workers' Compensation Act, the prescribed procedure is limited to a subset of orders, regulations, or other actions by the agency. When that is so, a person aggrieved by agency action that is not subject to the special procedure can, if the action is final, ripe, and otherwise appropriate for judicial review, obtain review by filing a suit for injunctive or declaratory relief in federal district court under the general federal-question statute, 28 U.S.C. § 1331. See 5 U.S.C. § 704; *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). (This form of judicial review of agency action is misleadingly called "nonstatutory" review because it is not authorized by a statute *specifically* prescribing the procedure for obtaining judicial review of a particular class of administrative decisions.) An order denying or revoking a certificate of exemption, not being a compensation order, would not be subject to the special review procedure established by 33 U.S.C. § 921, and could, therefore, since it meets the requirements for judicially reviewable administrative action, be challenged by just the kind of suit that Maxon has filed. The reason is practical. It would be unreasonable to make Maxon wait until claims began to pile up against it before it could obtain a determination as to whether it is subject to the Longshore and Harbor Workers' Compensation Act; Maxon would not even know whether it had to obtain workers' compensation insurance. Maxon claims without contradiction that such insurance is so expensive that it has had to shut down the facility. It would be a shame if it had to shut it down because of the high cost of insurance without being able to discover whether the insurance was actually needed.

But the exemption was not denied or revoked before a claim was filed, nor otherwise revoked outside the claim-processing process. It was during the processing of Hawkins's claim that Maxon learned that a District Director in the Office of Workers' Compensation Programs believed that the certificate of exemption had lapsed. Because of the setting in which the exemption was "revoked," Maxon had unexhausted administrative remedies, which it would not have had if the District Director had revoked the exemption in a separate proceeding. There it would have had no further remedies within the Department of Labor; but in the setting of a

compensation proceeding it could demand a hearing before the administrative law judge, to whom the entire case would then be transferred for decision, 20 C.F.R. §§ 702.316, 702.317, 702.348, implying that he is required to consider and rule on the employer's defenses, including the defense of exemption. *Aetna Life Ins. Co. v. Harris,* 578 F.2d 52, 54 (3d Cir.1978), so holds with respect to another defense, noting that the deputy commissioner (to whose powers in this respect the administrative law judges have succeeded, 33 U.S.C. § 919(d)) is authorized to resolve any issue "in respect of" a compensation claim. 33 U.S.C. § 919(a). Agencies often lack power to resolve constitutional questions, *McCarthy v. Madigan,* — U.S. —, —, 112 S.Ct. 1081, 1088, 117 L.Ed.2d 291 (1992); *Mathews v. Diaz,* 426 U.S. 67, 76, 96 S.Ct. 1883, 1889–907, 48 L.Ed.2d 478 (1976), but that is not a concern here.

If Maxon struck out before the administrative law judge, it could obtain further review of the issue of the exemption from the Benefits Review Board. Until the Board ruled, Maxon would not have exhausted its administrative remedies, the normal and appropriate prerequisite to obtaining judicial review of agency action. *FTC v. Standard Oil Co.,* 449 U.S. 232, 242, 101 S.Ct. 488, 494, 66 L.Ed.2d 416 (1980); *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638 (1938).

The rule that if a special review procedure is prescribed a party must follow it—a rule of federal common law but also an express provision of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(e)— both instantiates the general principle of exhaustion of administrative remedies and designates the appropriate reviewing court. If Maxon *had* exhausted its administrative remedies, the next rung on the remedial ladder would have been review by this court, skipping the district court. Maxon not only failed to exhaust its administrative remedies; it sought review in the wrong court.

To all this Maxon's only answer is that the prescribed procedure is too slow; for remember that it has had to shut down its facility because of the uncertainty about its exemption. Administrative agencies are often guilty of unconscionable delay. But Maxon had and has remedies, including judicial remedies, against egregious, prejudicial, unjustifiable administrative foot-dragging. In fact it asked the administrative law judge in Hawkins's case for an expedited ruling on the validity of the exemption. The request was denied, and although Maxon may not have been able to obtain review of the denial from the Benefits Review Board, given that Board's rather circumscribed powers, 33 U.S.C. § 921(b)(3); 20 C.F.R. §§ 702.371, 702.392, it could have sought relief from us (not the district court), as the court having potential review jurisdiction over the agency's final order, under the All Writs Act, 28 U.S.C. § 1651(a), and the Administrative Procedure Act, 5 U.S.C. § 706(1). *FTC v. Dean Foods Co.,* 384 U.S. 597, 604–05, 86 S.Ct. 1738, 1742–43, 16 L.Ed.2d 802 (1966); *Ukiah Adventist Hospital v. FTC,* 981 F.2d 543, 549 (D.C.Cir.1992); *Telecommunications Research & Action Center v. FCC,* 750 F.2d 70, 76–78 (D.C.Cir.1984). We do not mean to tantalize Maxon with unrealistic prospects. The tools available to courts for remedying administrative delay are limited and weak. There is no Speedy Administrative Proceeding Act. But delay is not a valid ground for bypassing the procedures established by Congress for obtaining judicial review of agency action, procedures that include a mandatory resort to such administrative remedies as remain open to the aggrieved party, unless those remedies are palpably inadequate, which Maxon has not shown, resulting in serious injustice, which Maxon also has not shown.

We express no view on the merits of Maxon's claim to be exempt from the Act. The district court correctly ruled that it lacked jurisdiction to adjudicate those merits.

AFFIRMED.