**Rudolph L. LUCIEN, Plaintiff–Appellant,**

v.

**Watts C. JOHNSON, et al., Defendants–Appellees.**

No. 94–1325.

United States Court of Appeals, Seventh Circuit.

Submitted May 18, 1995.

Decided July 31, 1995.

James A. Cherney (submitted), Joseph A. Sullivan, Latham & Watkins, Chicago, IL, for plaintiff-appellant.

Rudolph L. Lucien, Menard, IL, pro se.

Wallace Solberg, Barbara E. Pitts, Office of Atty. Gen., Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.

POSNER, Chief Judge.

Between 1987 and 1991, Rudolph Lucien, who is an inmate of the Illinois prison system, filed in the Illinois Court of Claims (705 ILCS 505; Andrew M. Raucci, "The Illinois Court of Claims: Its Purpose and Procedures," *Ill. Bar J.* Oct. 1989, p. 752) five claims for loss of personal property. The claims ranged in value from $76.14 to $558.91. None of the claims had been decided when in 1993 Lucien brought the present suit under 42 U.S.C. § 1983 against four commissioners (hearing officers) of the court of claims charging that the delay in processing his claims had violated his rights under the due process and equal protection clauses of the Fourteenth Amendment. Lucien sought both damages and a mandatory injunction commanding the commissioners to resolve his claims. The district court dismissed the damages claim because of the absolute immunity of judicial officers from claims for damages arising out of their judicial acts (or inacts), but denied summary judgment with respect to Lucien's request for equitable relief. When the court of claims then decided Lucien's claims (some in his favor, some against) at last, the district court dismissed his suit on the ground that the request for equitable relief was now moot. Lucien had sought an order directing the commissioners to act on his claims; they had acted.

Delay in court, or in administrative tribunals (which the Illinois Court of Claims more closely resembles), is of course an old story, and a traditional source of exasperation to litigants. But outside of the criminal arena, where the right to a speedy trial has both constitutional and statutory footing, it is exceedingly difficult to obtain a remedy against delay by an adjudicative body. Harm from delay is hard to prove, and judges are reluctant to order other judges (or their administrative counterparts) to hurry up. See, e.g., *General Motors Corp. v. United States*, 496 U.S. 530, 110 S.Ct. 2528, 110 L.Ed.2d 480 (1990); *United States v. Von Neumann*, 474 U.S. 242, 106 S.Ct. 610, 88 L.Ed.2d 587 (1986); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 547, 105 S.Ct. 1487, 1495–96, 84 L.Ed.2d 494 (1985); *Heckler v. Day*, 467 U.S. 104, 119, 104 S.Ct. 2249, 2257–58, 81 L.Ed.2d 88 (1984); *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983); *Maxon Marine, Inc. v. Director*, 39 F.3d 144, 147 (7th Cir.1994); *DeVito v. Chicago Park District*, 972 F.2d 851, 857–58 (7th Cir.1992); *Clifton v. Schafer*, 969 F.2d 278, 283 (7th Cir.1992); *Schroeder v. City of Chicago*, 927 F.2d 957, 960–61 (7th Cir.1991); *In re City of Virginia Beach*, 42 F.3d 881, 886 (4th Cir.1994); *Los Angeles County Bar Association v. Eu*, 979 F.2d 697, 706–707 (9th Cir.1992); *In re Barr Laboratories, Inc.*, 930 F.2d 72 (D.C.Cir.1991).

It is not impossible to obtain relief, see, e.g., *McCarthy v. Madigan*, 503 U.S. 140, 147, 112 S.Ct. 1081, 1087–88, 117 L.Ed.2d 291 (1992); *Kelly v. Railroad Retirement Board*, 625 F.2d 486, 490 (3d Cir.1980), especially when, as in the *McCarthy* case, all the litigant is asking for is to be permitted to bypass some normally mandatory procedural prerequisite, such as having to take an administrative appeal, and proceed directly to court. But when the relief sought is an order to the delaying agency to hurry up, the seeker's prospects are, as a practical matter, very close to nil. To make a persuasive case of delay so protracted as to entitle the victim of the delay to such a remedy, he will have to wait a long time before seeking the remedy in order to let the delay mount up to a point where he has a persuasive claim. When he does finally press the claim, the adjudicative body against which he is seeking relief will have it within its power to moot his case by

acting before his claim for relief can be decided.

■ This sequence begs for an exception to the ordinary rules of mootness. Lucien alleges that he has other property claims pending in the Illinois Court of Claims and that if he does not get a remedy in the present suit he will have to bring a suit based on delay in processing those other claims and that suit too is likely to wash out as moot before he can get a judgment. One of his claims was six years old when it finally was decided while this suit was pending in the district court. These circumstances bring the case within the exception to mootness for claims that are capable of repetition but that evade review. E.g., *Norman v. Reed,* 502 U.S. 279, 288, 112 S.Ct. 698, 705, 116 L.Ed.2d 711 (1992). For similar cases see *In re American Federation of Government Employees,* 837 F.2d 503, 507 (D.C.Cir.1988); *In re Center for Auto Safety,* 793 F.2d 1346, 1348 (D.C.Cir.1986); *Blankenship v. Secretary of Health, Education & Welfare,* 587 F.2d 329, 333 (6th Cir.1978). *Burton v. Bowen,* 815 F.2d 1239, 1241–42 (8th Cir.1987), only *seems* contrary to these decisions. Special circumstances made the likelihood of a repetition of the delay of which the plaintiffs were complaining very slight.

■ As mootness is the only ground on which the state has chosen to defend the district court's judgment in this court, our normal course would be to remand. But we think it would be a mistake to spin out the case in this way, for we are sure that Lucien has no claim. It is true that *First English Evangelical Lutheran Church v. County of Los Angeles,* 482 U.S. 304, 315–16, 107 S.Ct. 2378, 2385–86, 96 L.Ed.2d 250 (1987), holds that the Constitution requires a state to waive its sovereign immunity to the extent necessary to allow claims to be filed against it for takings of private property for public use. Cf. *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco,* 496 U.S. 18, 36–41, 110 S.Ct. 2238, 2250–53, 110 L.Ed.2d 17 (1990); *Ward v. Board of County Commissioners,* 253 U.S. 17, 24, 40 S.Ct. 419, 422, 64 L.Ed. 751 (1920). It is also true that when government takes property for a public use it must pay interest, *Library of Congress v. Shaw,* 478 U.S. 310, 317 n. 5, 106 S.Ct. 2957, 2962 n. 5, 92 L.Ed.2d 250 (1986); cf. *Kirby Forest Industries, Inc. v. United States,* 467 U.S. 1, 18, 104 S.Ct. 2187, 2198–99, 81 L.Ed.2d 1 (1984); *Jacobs v. United States,* 290 U.S. 13, 17, 54 S.Ct. 26, 28, 78 L.Ed. 142 (1933); *Evans v. City of Chicago,* 10 F.3d 474, 481 (7th Cir.1993) (en banc); *Simon v. Cebrick,* 53 F.3d 17, 24 (3d Cir. 1995), which is (among other things) compensation for delay in getting money that is owed one. *Library of Congress v. Shaw, supra,* 478 U.S. at 321–22, 106 S.Ct. at 2965–66. The other side of this coin, however, is that if a person whose property is taken is entitled to interest at a properly compensatory rate from the date of the taking, he cannot complain, at least on federal constitutional grounds, about the delay in processing his claim; he has been compensated for that delay. *Evans v. City of Chicago, supra,* 10 F.3d at 481–82.

■ Illinois' "State Prompt Payment Act" directs the court of claims to award interest, 30 ILCS 540/3–1—despite which that court rarely if ever does award interest, having interpreted the Act (whether rightly or wrongly) to be limited to avoidable delay in the payment of bills by state agencies to vendors to those agencies. *Dimmitt & Owens Financial, Inc. v. Department of Children & Family Services,* 44 Ill.Ct.Cl. 25, 32 (1992); *Airwork Corp. v. State,* 43 Ill.Ct.Cl. 353 (1990); *Branch–Nicoloff Co. v. State,* 40 Ill.Ct.Cl. 252 (1988); *Arthur Anderson & Co. v. State,* 40 Ill.Ct.Cl. 195 (1987); see also *Hunter v. State,* 44 Ill.Ct.Cl. 65, 80 (1992); *Universal Printing Co. v. State,* 43 Ill.Ct.Cl. 165, 172 (1990). Lucien makes no issue of the matter, however, and there is no indication in the record that he ever sought interest. Any claim to interest is therefore waived. Lucien has, in fact, not attempted to demonstrate the slightest harm from the delay of which he complains. Cf. *United States v. $8,850 in U.S. Currency, supra,* 461 U.S. at 565, 569, 103 S.Ct. at 2012–13, 2014–15; *Keller v. United States,* 38 F.3d 16, 21 (1st Cir.1994).

■ A complication is that almost certainly his personal property was not taken *for a*

*public use.* It was either lost or stolen. If, as appears from the court of claims' decisions on Lucien's claims, his property was merely lost, or was stolen not by prison guards but by other inmates, then Lucien has no federal constitutional claim even if the loss or theft would not have occurred but for the negligence or even the gross negligence of the prison's employees. Accidental injuries are not takings. *In re Chicago, Milwaukee, St. Paul & Pac. R.R.,* 799 F.2d 317, 326 (7th Cir.1986); cf. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). But suppose that some of his property was, as it may have been, taken by guards. It is a nice question what exactly a person's rights are when the government takes his property other than for a public use. Probably he is entitled, under the authority of either the just-compensation clause or the due process clause, to full common law damages. *Schroeder v. City of Chicago, supra,* 927 F.2d at 961; *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 464–65 (7th Cir.1988). But that is of no moment here. The jurisdiction of the Illinois Court of Claims is not confined to conventional takings, that is, to the exercise of the power of eminent domain. And, so far as appears, if Lucien had been awarded the market value of his property plus interest for the delay in that reimbursement he would have received no less an amount of money than the common law of conversion would have entitled him to in the circumstances. He did not get any interest, of course, but of that he does not complain.

Even if the remedies that are within the power of Illinois' court of claims to bestow are insufficient to provide Lucien with the full compensation to which the U.S. Constitution entitles him, it does not follow that a federal court should order the state to reform its process. Because such a remedy would place the federal courts in a relation of superintendence to the state court of claims—a well-nigh intolerable interference with a core function of state government, see *Los Angeles County Bar Ass'n v. Eu, supra,* 979 F.2d at 703, 706; *Ad Hoc Comm. on Judicial Administration v. Massachusetts,* 488 F.2d 1241 (1st Cir.1973); cf. *Missouri v. Jenkins,* — U.S. —, —, 115 S.Ct. 2038, 2072, 132 L.Ed.2d 63 (1995) (concurring opinion); *Hoover v. Wagner,* 47 F.3d 845, 850–51 (7th Cir.1995)—equity and comity would counsel strongly in favor of remitting Lucien to his right under 42 U.S.C. § 1983 to obtain damages against the employees of the prison. If the acts of which he complains violated his constitutional rights (which means, if they were deliberate and not merely negligent), and if the state's postdeprivation process— which is to say the remedial procedure available in the Illinois Court of Claims—is inadequate because of excessive delay, then he has a good claim for damages under section 1983 against those employees. *Zinermon v. Burch,* 494 U.S. 113, 126, 110 S.Ct. 975, 983–84, 108 L.Ed.2d 100 (1990); *Alexander v. Ieyoub,* 52 F.3d 554, 558 (5th Cir.1995); *Butler v. Castro,* 896 F.2d 698, 703 (2d Cir.1990); cf. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 437, 102 S.Ct. 1148, 1158–59, 71 L.Ed.2d 265 (1982). Whether he *should* have such a claim is another matter. We have complained before about the federal judiciary's becoming the lost-and-found department of the federal prison system. *Tinker–Bey v. Meyers,* 800 F.2d 710 (7th Cir.1986); *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir.1989); and see Lori Carver Praed, Note, "Reducing the Federal Docket: An Exclusive Administrative Remedy for Prisoners Bringing Tort Claims under the Federal Tort Claims Act," 24 *Indiana L.Rev.* 439 (1991). Here we are asked to be the lost-and-found department of a *state* prison. But whether that is an appropriate assignment for the federal judiciary is not the issue in this case. It is better that Lucien should ask us to play small claims court or lost-and-found department than that he should ask us to impose deadlines on a state court. He sued the wrong defendants—who anyway did him no harm.

The judgment of the district court is modified to make the dismissal of the suit a dismissal on the merits rather than for lack of jurisdiction, and as modified is affirmed.