85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James Paul CLAYTON-EL, Plaintiff-Appellant,
v.
Howard PETERS,[2] et al., Defendants-Appellees.
 No. 94-3922.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1996.[1]
Decided May 7, 1996.
Rehearing Denied Aug. 8, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 James Paul Clayton-El,[3] an inmate at Pontiac Correctional Center in Illinois, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment violations stemming from prison disciplinary proceedings. The district court granted defendants' motion for summary judgment and plaintiff appeals.
 
 
 2
 The prison disciplinary board found plaintiff guilty of having homemade wine[4] and two long metal rods in his cell. Plaintiff was placed in segregation for six months and he was demoted to "C Grade" for six months. There was no revocation of good conduct credits which might affect the length of plaintiff's sentence, and because plaintiff has no liberty interest in remaining free from disciplinary segregation. Under the holding in Sandin v. Connor, 115 S.Ct. 2293, 2298 (1995), plaintiff has failed to show any "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2300.
 
 
 3
 Plaintiff also claims he was denied adequate access to the prison law library, because while in segregation inmates must use an intermediary, here an inmate clerk, to obtain materials; they have no direct access to the library. This method of providing materials to inmates at Pontiac has previously passed this court's constitutional scrutiny, and nothing is added in the present case that would cause us to alter that determination. See Jenkins v. Lane, 977 F.2d 266, 269 (7th Cir.1992) (rejecting due process challenges to Pontiac's system for providing legal materials to inmates in segregation; finding restrictions were "minor and incidental" and that inmate suffered no prejudice as result of delay in receiving library materials); see also Shango v. Jurich, 965 F.2d 289, 293 (7th Cir.1992) (no prejudice from alleged delay or interruption in litigation due to prison library policies).
 
 
 4
 Plaintiff also alleges that guards broke his typewriter and "trashed and muddied (coffee and dirt) his legal documents during the search of his cell which revealed the wine and weapons. However, plaintiff has no due process claim for intentional destruction of personal property where he has an adequate post-deprivation remedy, since he can file a claim in the Illinois Court of Claims, 705 ILCS 505/1 et seq. See Zinermon v. Burch, 494 U.S. 113, 129 (1990); Hudson v. Palmer, 468 U.S. 517, 531 (1984). Cf. Lucien v. Johnson, 61 F.3d 573 (7th Cir.1995). No pre-deprivation remedy is required, of course, where the state cannot predict when a deprivation will occur, such as when the acts complained of are random and unauthorized acts of state officials. Parrott v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327, 330-31 (1986).
 
 
 5
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [2]
 Howard Peters III has been replaced by Odie Washington as Director of the Department of Corrections and therefore is now the proper party to this action
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [3]
 Also known as Carmichael Morrison
 
 
 [4]
 The investigative report states that the correctional officer found five gallons "of fermenting wines and two gallon jugs of fermenting juice and four quarts of wine."