RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0228P (6th Cir.)
File Name: 01a0228p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DAVID K. DELLIS,
      _Plaintiff-Appellant._

      _v._

CORRECTIONS CORPORATION
OF AMERICA; STATE OF
WISCONSIN; ALLEN
BARGERY; PATRICK WHALEN,
Warden; PERCY PITZER;
ADAMS; CORK; J. CURRIE;
DALE DRINKARD; PASCHALL;
DIANE ROAN; WILKERSON;
WOODARD; WILLIAM
HENDERSON; MONTGOMERY;
JACKSON; HEINZ; TONY
O'HARE,
      _Defendants-Appellees._

No. 99-6479

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 99-01169—James D. Todd, Chief District Judge.

Submitted: March 7, 2001

Decided and Filed: July 18, 2001

1

Before:  KEITH, SILER, and CLAY, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:**  David K. Dellis, Portage, Wisconsin, for Appellant.

━━━━━━━━━━━━━━━

**OPINION**

━━━━━━━━━━━━━━━

CLAY, Circuit Judge.    Plaintiff, David K. Dellis, a Wisconsin prisoner proceeding *pro se*, appeals from the district court's order dismissing Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  On March 13, 2001, we issued an order holding Plaintiff's case in abeyance until the Supreme Court rendered its decision as to whether a prisoner filing suit over prison conditions and seeking monetary relief was required to exhaust his administrative remedies before filing suit.  *See Booth v. Churner*, __U.S. __, 121 S.Ct. 1819 (2001).  The context in which we issued our order was that we found some of Plaintiff's unexhausted claims were not frivolous and stated cognizable claims for purposes of surviving dismissal under Federal Rule of Civil Procedure 12(b)(6).  In light of the Supreme Court's unanimous decision that a prisoner seeking monetary damages must complete the prison administrative process notwithstanding the fact that the process will not afford the prisoner the specific relief that he seeks, *see Booth*, 121 S.Ct. at 1821, we now order the district court to dismiss without prejudice those claims which we find

**CONCLUSION**

For the above stated reasons, we **AFFIRM** the district court's dismissal of the following claims:  that Plaintiff was deprived of a lower bunk, was subjected to a flooded cell, was deprived of a working toilet, was denied access to the courts, had his legal mail opened, and had his property stolen; we **VACATE** the district court's order dismissing the remainder of Plaintiff's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B); and we **REMAND** the case to the district court with instructions to enter an order dismissing these viable claims without prejudice as a result of Plaintiff's failure to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a); *Booth*, 121 S.Ct. at 1822.

potentially meritorious so as to allow Plaintiff an opportunity to exhaust his administrative remedies.[1]

## BACKGROUND

Seeking injunctive, declaratory, and monetary relief, Plaintiff sued the Corrections Corporation of America ("CCA"), the State of Wisconsin, and approximately thirty prison employees, named and unnamed, in their official capacities. Plaintiff was once incarcerated at Hardeman County Correctional Facility ("HCCF"), and was transferred to Whiteville Correctional Facility ("WCF"). Both institutions are operated by the CCA. Plaintiff's sixty-one page complaint alleged, among other things, that (1) inmate gang members at HCCF harassed and attacked him; and (2) gang members at WCF threatened him, beat him, and stole his property. He asserted that employees at WCF (3) beat him; (4) fired him from his prison job; (5) subjected him to improper conditions of confinement; (6) failed to protect him from an inmate attack; (7) denied him access to legal materials; and (8) opened his legal mail. The district court granted Plaintiff *in forma pauperis* status, and *sua sponte* dismissed his case as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff filed a motion to combine the action with an earlier action that had also been dismissed as frivolous. The district court held that it lacked jurisdiction to consolidate the cases on appeal and denied the motion.

Plaintiff filed a timely appeal reasserting the claims made in his complaint, and argues that the district court should have consolidated his case with an earlier action. For the reasons set forth below, we hold that the district court properly dismissed some of Plaintiff's claims under 28 U.S.C.

---

[1] We note that Plaintiff also requested injunctive and declaratory relief in his complaint; however, because he is no longer incarcerated in either Hardeman County Correctional Facility or Whiteville Correctional Facility, these prayers for relief are moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

§ 1915(e)(2), but improperly dismissed others.  Because Plaintiff failed to demonstrate that he exhausted his administrative remedies as to any of his claims, his potentially meritorious claims should have been dismissed without prejudice.  *See* 42 U.S.C. § 1997e; *Booth*, 121 S.Ct. at 1822.

## DISCUSSION

We review a district court's decision to dismiss a claim as frivolous under 28 U.S.C. § 1915(e)(2) *de novo*.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  A case is frivolous if it lacks an arguable basis either in law or fact.  *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Upon review, we conclude that the district court properly dismissed as frivolous Plaintiff's claims arising out of his incarceration at HCCF inasmuch as any such claim is barred the by the applicable statute of limitations.  *See* Tenn. Code Ann. § 28-3-104(a)(3); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997).  Plaintiff was transferred from HCCF to WCF on July 25, 1998, and filed this action on August 2, 1999.  Thus any claim he had accrued more than one year before he filed suit.  *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).  In addition, we find that the district court properly dismissed as frivolous Plaintiff's claim that he was fired from his prison job.[2]  *See Newsom v. Norris*, 888 F.2d

---

[2]Dismissing Plaintiff's unexhausted, but frivolous, claims is consistent with *Booth*, which addressed the exhaustion requirement under 42 U.S.C. § 1997e(a) for futile, but not frivolous, § 1983 claims.  Futile claims concern inadequate administrative remedy.  *See McCarthy v. Madigan*, 503 U.S. 140, 147-148 (1992) (identifying delay in administrative action, lack of agency power to grant relief, and administrative bias as examples of inadequate administrative remedy which may excuse exhaustion requirements).  Under *Booth*, the Court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth*, 121 S.Ct. at 1825 n.6 (citing *McCarthy*, 503 U.S. at 144).  *Booth* thus requires, under § 1997e(a), that even futile claims be exhausted "before a complaint under § 1983 may be entertained." *Booth*, 121 S.Ct. at 1824.  Conversely, frivolous claims are themselves inadequate, and unrelated to

---

371, 374 (6th Cir. 1989) (finding that an inmate has no constitutionally protected property or liberty interest in prison employment).

With respect to Plaintiff's conditions of confinement claims – that he was deprived of a lower bunk, was subjected to a flooded cell, and was deprived of a working toilet – Plaintiff alleged only temporary inconveniences and did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency.  *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Therefore, these claims, although not frivolous, fail to state claims upon which relief can be granted.  *See id.*  Similarly, Plaintiff failed to state an access to the court claim because he did not demonstrate actual prejudice to pending or contemplated litigation.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Likewise, his conclusory, unsupported statements alleging that his legal mail was opened were insufficient to state a claim.  *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986).  Finally, Plaintiff's allegation that other inmates stole his property fails to state a claim against the prison officials because the prison's negligence in allowing the theft is not a "taking" for purposes of the Fourteenth Amendment.  *See Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Lucien v. Johnson*, 61 F.3d 573, 575-76 (7th Cir. 1995).  We therefore agree with the district court's dismissal of these claims, albeit for reasons other than that of the district court.  *See City Mgmt. Corp. v. U.S. Chem. Co., Inc.*, 43 F.3d 244, 251 (6th Cir. 1994).

---

inadequate administrative remedy.  We may dismiss unexhausted claims that are frivolous because *Booth* does not reach the plain language of § 1997e(c)(2), which provides that, for such claims, "the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."  Plaintiff's claims which fail to state a claim upon which relief can be granted may also be dismissed pursuant to § 1997e(c)(2).