MAXON MARINE, INCORPORATED, an Ohio Corporation, and Crawford & Company, Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS and Richard Ahl, Respondents.

No. 94–2446.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 8, 1995.

Decided Aug. 16, 1995.

Gregory P. Sujack (argued), David F. Buysse, Kerrie A. Lethbridge, Garofalo, Hanson, Schreiber & Vandlik, Chicago, IL, for Maxon Marine, Inc.

Gregory P. Sujack, Garofalo, Hanson, Schreiber & Vandlik, Chicago, IL, for Crawford & Co.

Steven C. Schletker, Covington, KY, Michael Breen, Bowling Green, KY, for Richard Ahl.

John H. Secaras, Dept. of Labor, Chicago, IL, Mark A. Reinhalter (argued), Dept. of Labor, Office of Workers' Compensation Programs, Washington, DC, for Office of Workers' Compensation Programs and Lawrence W. Rogers.

Thomas O. Shepherd, Jr., Benefits Review Bd., Executive Counsel, Clerk of the Bd., Washington, DC, for Benefits Review Bd.

Before POSNER, Chief Judge, RIPPLE, Circuit Judge, and NORGLE, District Judge.[*]

RIPPLE, Circuit Judge.

Petitioner, Maxon Marine, Inc. seeks review in this court of the order of the Benefits Review Board ("Board") denying a stay of payment of the Longshore and Harbor Workers' Compensation Act ("LHWCA") benefits awarded to respondent, Richard Ahl. For the reasons stated in this opinion, we affirm the denial of the stay.

## I

## BACKGROUND

### A. *Facts*

On November 27, 1990, Richard Ahl, a barge repairman for Maxon Marine, Inc. ("Maxon"), sustained a serious work-related injury when a barge collapsed on him while he was working at Maxon's facilities in Tell City, Indiana. Mr. Ahl suffered acute compression fractures of the thoracic spine, six broken ribs, a herniated disc, loss of consciousness and a hip injury. Any activity increases Mr. Ahl's back pain, and Maxon has stipulated in prior proceedings that Mr. Ahl is permanently and totally disabled. Subsequently, Mr. Ahl filed a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

### B. *Earlier Proceedings*

A formal hearing was held before an administrative law judge on July 8, 1993. The ALJ held that Mr. Ahl's injury occurred while he performed duties in an area covered by the LHWCA. *See* 33 U.S.C. § 903(a). The ALJ further held that Maxon was not exempted from LHWCA coverage by virtue of 33 U.S.C. § 903(d), which provides for a coverage exemption of certain areas of an employer's shipyard if it is certified that the employer engages in exclusively "small vessel" work.[1] Finally, the ALJ stated that, because Mr. Ahl was injured on a dry dock, the § 903(d) exemption would not apply in any case, and Mr. Ahl would be covered under the LHWCA.

On May 4, 1994, the District Director of the Tenth Compensation District filed a compensation order, awarding permanent total disability benefits in conformity with the ALJ decision and award. Maxon, on May 16, 1994, appealed the ALJ decision and filed a motion for stay of payments with the Benefits Review Board. The basis of the motion for stay was an affidavit from Maxon's President, Jeffrey Noyce. In that affidavit, Mr. Noyce maintained that Maxon was insolvent and unable to pay the award without incurring "irreparable injury."

On the morning of May 27, 1994, before it had considered Mr. Ahl's reply, the Benefits

---

[*] The Honorable Charles R. Norgle, Sr., of the Northern District of Illinois, Eastern Division, sitting by designation.

1. The employer, Maxon Marine, Inc., applied for a § 3(d) small vessel exemption for the first time on June 18, 1992, approximately nineteen months after the date of Mr. Ahl's injury. This application was denied on its merits.

   Although a small vessel exemption had been granted to a previous owner of the facility, the prior owner had no affiliation with Maxon Marine, Inc., an entity that began operations in 1989—three years after the cessation of operations of the previous owner. Maxon made no attempt to comply with the small vessel exemption requirements of the Act, including those set forth in 20 C.F.R. 702.174(a), prior to the date of Mr. Ahl's injury.

   By decision issued October 1, 1992, District Director Thomas Hunter of the Tenth Compensation District determined that the previous exemption had expired before the change of ownership of the facility. He determined that Maxon Marine, Inc., did not have an exemption to longshore coverage and that Mr. Ahl was entitled to benefits under the Act from November 29, 1990 to the present. R. at 19–20.

Review Board granted Maxon's motion for a stay. Mr. Ahl's memorandum in opposition to the stay, counsel represents, was sent by Federal Express on May 20, 1994, but was not docketed and considered explicitly by the Board until the afternoon of May 27, 1994. During the afternoon of May 27, 1994, the Board rescinded the stay of payment based upon evidence presented by Mr. Ahl that Maxon was insured against liability from such accidents. The Board also ruled that, because "the stay [was] lifted, there is no longer justification for expediting consideration of this case on the Board's docket." R. at 16.

Maxon filed an Emergency Motion to Reconsider on May 31, 1994, that was denied eleven days later by the Board. On June 17, Maxon filed its petition for review of the stay of payment in this court. Since the filing of the petition for review, Mr. Ahl submits that he consistently has had to seek the assistance of the District Director and the federal courts to acquire the compensation and medical payments owed to him.[2]

## II

## DISCUSSION

Maxon asks this court to consider whether the Benefits Review Board properly denied its motion for stay of payments, and further asks us to order the Board to reinstate the "expedited schedule" of the appeal on the merits that the Board initially had ordered.

▮▮▮▮ As a general rule, "[w]ith respect to questions of fact, both [the appellate court] and the BRB sit in review of the ALJ's decision." *Jones v. Director, OWCP*, 977 F.2d 1106, 1109 (7th Cir.1992). The LHWCA, 33 U.S.C. § 921(b)(3), prescribes the scope of the Board's review:

The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.

Likewise, this court's review is also for substantial evidence. *Jones,* 977 F.2d at 1109. When a party appeals the Board's denial of a stay—a situation in which the Board actually makes any factual findings necessary to justify the issuance or denial of a motion for stay of payments—our review is still governed by the substantial evidence standard. *See* Administrative Procedure Act, 5 U.S.C. § 706(2)(E).

### 1.

In order to justify the issuance of a stay, Maxon must demonstrate that payment of the longshore benefits would irreparably injure it. *See* 33 U.S.C. § 921(b)(3); *see also* 20 C.F.R. § 802.105(a).

The demonstration of irreparable injury was not intended by Congress, and has not been viewed by the courts as an exercise in semantics. That payment of compensation might pose a problem, or even cause serious difficulty is not enough to support a stay. Neither is the fact that the amount paid might be lost if the award is reversed on appeal.

*Rivere v. Offshore Painting Contractors,* 872 F.2d 1187, 1191 (5th Cir.1989); *see also Lauzon v. Strachan Shipping Co.,* 782 F.2d 1217, 1221 (5th Cir.1985); *Henry v. Gentry Plumbing & Heating Co.,* 704 F.2d 863, 865 (5th Cir.1983). The legislative command of § 921(b)(3) reveals a congressional preference that an injured worker receive compensation expeditiously rather than be left without assistance until the entire appeals process has run its course—even if it later is

---

**2.** After the Board rescinded the stay of payments, Maxon's insurance company, Travelers, refused to provide compensation and medical benefits. As a result, Mr. Ahl sought a default order from the District Director of the U.S. Department of Labor, Office of Workers Compensation Programs, Longshore Division, pursuant to 33 U.S.C. § 918. On July 13, 1994, the District Director found Maxon and Travelers in default, awarded penalty and interest on Ahl's award, and began processing the default order for enforcement in federal district court.

By July 22, Travelers had issued a check for the money award due to Mr. Ahl, and on August 2, 1994, Travelers filed form LS–208 with the U.S. Department of Labor indicating that Travelers had made payments pursuant to the District Director's demands. Travelers continues to make weekly payments in conformity with the Board's order. More recently, Mr. Ahl had to employ legal counsel to obtain payment due to him in order to cover some of the medical costs he incurred.

determined that the award was wrongly exacted and is not recoverable by the payer.

■ Irreparable injury is demonstrated when "the compensation award may be too heavy for the employer [or insurer] to pay without practically taking all his property or rendering him incapable of carrying on his business...." *Rivere*, 872 F.2d at 1191 (brackets in original) (quoting *Continental Casualty Co. v. Lawson*, 2 F.Supp. 459, 461 (S.D.Fla.1932), *rev'd on other grounds*, 64 F.2d 802 (5th Cir.1933)); *see also Schmit v. ITT Fed. Elec. Int'l*, 986 F.2d 1103, 1107–08 (7th Cir.1993) (citing *Rivere* ). An employer's interest in obtaining additional pre-enforcement review of a compensation order before paying benefits is insufficient to justify a stay. *Meehan Seaway Serv. Co. v. Director, OWCP*, 4 F.3d 633, 636 (8th Cir. 1993).

■ Maxon's contention that irreparable harm would result without a stay of Mr. Ahl's compensation award is not supported by the record. In support of its motion for stay, Maxon submitted an affidavit from Jeffrey Noyce, President of Maxon. Mr. Noyce stated, in reference to the financial status of Maxon, that the Maxon facility is no longer in operation and that its machinery equipment, fixed assets and inventory were repossessed by their primary secured creditor and sold at an involuntary auction, leaving a deficiency of approximately $1,600,000. Mr. Noyce further stated that the only remaining Maxon asset is its real property and the physical structures present on that property. This property, however, is subject to two mortgages and several judgment liens, although, the mortgages have not yet been foreclosed. R. at 41, 72–73. Counsel for Maxon at oral argument represented that

Maxon was "very insolvent," but was not bankrupt.

We are not confronted, however, with a situation in which Maxon must dispense the Ahl award from its general assets. Its insurance carrier, Travelers, is making the requisite payments. For a stay to issue, "irreparable injury" must "ensue to the employer or carrier." 33 U.S.C. § 921(b)(3). An employer's obligation to discharge a compensation liability is "binding upon the [employer's insurance] carrier in the same manner and to the same extent as upon the employer." 33 U.S.C. § 935. The record fails to support the contention that Maxon's insurance carrier, Travelers Insurance Company, as administered through its adjustment service, Crawford and Company, will suffer irreparable injury. The record contains no evidence that the Travelers Insurance Company is insolvent and unable to pay Mr. Ahl's award. In fact, Travelers has paid out more than $58,-059 of the award to date, and continues to make weekly payments of $337 to Mr. Ahl in conformity with the judgment and order. Nor is there any concrete evidence that Travelers' payment of this award someday will harm irreparably Maxon. Further, despite Maxon's allegations to the contrary, the record supports the Board's conclusion that Maxon carried longshore insurance that encompassed injuries occurring upon the navigable waters of the United States, as well as adjoining areas to those waters "customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel" [3] as required under 33 U.S.C. §§ 903(a) and 932. Thus, because no evidence of record exists to indicate that irreparable injury would ensue to the insurance carrier or Maxon, a stay of payments is not appropriate. We also note that Maxon has made no signifi-

---

3. Maxon, through piecemeal reliance on the record, submits that the record is ambiguous concerning whether Maxon has longshore insurance that would cover Mr. Ahl's injury. The Benefits Review Board, in its second order, held that "[i]n stating conditions regarding employer's financial circumstances and asserting that employer would suffer irreparable injury if the administrative law judge's order was not stayed, employer at the very least implied that it did not have coverage of claimant's injury under the Longshore Act." Maxon specifically relied upon the

hearing transcript in this case, in which Maxon's President, Mr. Noyce, testified on cross-examination that his company did not carry Longshore coverage for its employees. Mr. Noyce, however, subsequently admitted that Maxon carried coverage for employees injured on navigable waters and paid a premium for that coverage. Mr. Noyce then stated that he presumed that work performed on the water or under the Longshore Act would be covered by Travelers. *See* R. at 15–16.

cant showing that it might succeed in the merits appeal.

■ Maxon has the burden of proving its entitlement to a stay initially, and has the burden on appeal of proving that the Board's conclusions were not supported by substantial evidence. *See Garvey Grain Co. v. Director, OWCP,* 639 F.2d 366, 369 (7th Cir. 1981). These burdens have not been met.

### 2.

Maxon requests that this court return the substantive review of the ALJ decision to the "expedited docket" of the Benefits Review Board. Maxon submits "[t]he substantive questions are of a nature that will arise again for Maxon, as there are 3 other compensation claims pending where the existence and application of the § 3 exemption will again come into play." Appellant's Br. at 15. The claimant, Mr. Ahl, states that he has no objection to "this matter being reviewed by the Benefits Review Board on an expedited basis." Appellee's Br. at 20.

As the Chief Judge pointed out in *Maxon Marine v. Director, OWCP,* 39 F.3d 144, 147 (7th Cir.1994), this court has limited authority to deal with matters of "egregious, prejudicial, unjustifiable administrative foot-dragging" under the All Writs Act, 28 U.S.C. § 1651(a) and the Administrative Procedure Act, 5 U.S.C. § 706(1). No showing sufficient to invoke those extraordinary powers has been made here.[4]

### 3.

The arguments of Maxon Marine, through its counsel, are frivolous both in fact and law. Maxon shall have 15 days from this date to submit its reasons why sanctions, including the award of attorneys' fees, should not be imposed.[5]

**4.** Maxon's counsel also submits that "a clerical error was committed when the undersigned's secretary included Crawford & Co. in the caption and relevant pleadings involved in the Petition for Review." Maxon asks that this court dismiss the party.

Travelers Insurance Company, through its adjustment service, Crawford and Company, provides Longshore Act coverage to Maxon. Travel-

### Conclusion

Accordingly, for the foregoing reasons, the petition for review is granted, and the Board's order is affirmed.

AFFIRMED.

ers Insurance Company, through Crawford and Company, has paid for the legal defense of the claim and paid the disability benefits to Mr. Ahl. Because the review of the appropriateness of a stay directly affects Crawford's and Travelers' interests, Crawford and Company should not be dismissed.

**5.** *See* Fed.R.App.P. 38.