**STAR-KIST SAMOA, INC., AND ITS WORKMEN'S COMPENSATION INSURANCE CARRIER, Petitioner,**

**v.**

**COMMISSIONER OF THE AMERICAN SAMOA GOVERNMENT WORKMEN'S COMPENSATION COMMISSION, Respondent**

**TAULUA VAOMUA, Real Party-in-Interest.**

High Court of American Samoa
Trial Division

CA No. 15-97

May 13, 1997

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Petitioner, Cherie S. Norman
For Respondent, Cheryl Crenwelge-Sione, Assistant Attorney General
For Real Party-in-Interest, Barry I. Rose

ORDER ON MOTION TO STAY

Star-Kist Samoa, Inc. ("Star-Kist"), has filed its petition under A.S.C.A. § 32.0652, seeking judicial review of an order entered by the Workmen's Compensation Commission ("Commission"), levying a fine upon Star-

Kist, and awarding the Real Party-in-Interest Taulua Vaomua ("Vaomua") certain workmen's compensation benefits. Star-Kist subsequently filed a motion to stay enforcement of the compensation order pending review.

■ A stay "shall" not issue unless it is shown that "irreparable damage" must "ensue to the employer." A.S.C.A. § 32.0652. Subsection (c) of this enactment moreover provides that an order staying enforcement of an award:

> shall contain a specific finding, based upon the evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage.

■ We are unable to make such a finding, of irreparable damage, on the extent of the evidence before us. Star-Kist's only attempted showing at irreparable damage was framed in terms of Vaomua's financial inability to repay Star-Kist should the latter prevail in this court. The fact that Star-Kist might have difficulty recovering the repayment of compensation from the Vaomua if the award is reversed on appeal, is insufficient reason to grant a stay. *See Maxon Marine Inc. v. Director, Office of Workers Compensation Programs*, 63 F.3d 605 (7th Cir. 1995) (dealing with the comparable stay provision contained in the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § .921(b)(3), the model for the local Workmen's Compensation Act). The *Maxon* court alluded to underlying Congressional policy in the LHWCA to "expeditiously" provide the injured worker with compensation benefits, rather than leaving him/her without assistance until the entire appeal process has run its course. See also *Meehan Seaway Service v. Director, OWCP*, 4 F.3d 633, 636 (8th Cir. 1993).

Star-Kist's reasons for issuance of a stay being, therefore, insufficient, the motion to stay enforcement of the award is denied.

It is so Ordered.